CASE 58—PETITION EQUITY—NOVEMBER 9.

# Dorsey, &c., v. Phillips, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

FRAUDULENT CONVEYANCES—LIMITATION.—Where persons entitled, under the statute, to have a conveyance set aside, either as actually or constructively fraudulent, allow ten years to elapse from the execution of the conveyance without taking any action, the right of the grantee as against them is perfected, and they can neither bring an action to set aside the conveyance, nor have an execution levied on the land as that of the grantor.

BROWN, HUMPHREY & DAVIE FOR APPELLANTS.

1. When a debtor has made a voluntary or fraudulent conveyance of his lands, and his creditor obtains a judgment and has his execution issued, the creditor may proceed, by an action in equity, to subject the property. having first obtained a return of "no property," or he may levy his execution upon the land as being still the property of his debtor, and sell it for his debt; and the fact that one of these remedies may be inapplicable does not prevent the creditor from using the other. (Civil Code, sec. 439; Gen. Stats., p. 419, art. 4; and p. 488, secs. 1 and 2; Napper v. Yeager, 79 Ky., 249; 80 Ky., 600; Waite on Fraudulent Conveyances and Creditors' Bills, sec. 51, p. 79, and sec. 72; Partee v. Matthews, 53 Miss., 146; Freeman on Executions, sec. 136; Scully v. Kearns, 14 La. Ann., 439; Kuevan v. Specker, 11 Bush, 4; Worland v. Outten, 3 Dana, 478; Tupper v. Thomasson. 26 Minn., 386; Pratt v. Willaker, 6 Gray. Mass., 522; Fowler v. Trebine, 16 Ohio St., 493; Ryland v. Calison, 54 Mo., 513; Allen v. Berry, 50 Miss., 90; Thomason v. Neill, 50 Miss., 90; Gormally v. Chapman, 51 Ga., 422; Lillard v. McGee, 4 Bibb, 166.)

2. The fraudulent grantees have not acquired title by adverse possession, the deed being void and the grantor remaining in possession. (Gen. Stats., p. 625, sec. 1; Pickett v. Pickett, 3 Dev., 10; Dobson v. Ennin, 4 Dev. & B., 203; Coulter v. Phillips, 20 Pa. St., 154; Wilson v. Buchanan, 7 Gratt., 334; Jones v. McAuleys, 2 Duv., 16; Powell v. Wragg. 18 Ala., 165; Pratt v. Pratt, 96 U. S., 704; Alexander v. Quigley, 2 Duv., 407; Huntingdon v. Whalley, 29 Conn., 398; Doswell v. de Lauza, 20 How., U. S., 82; Abbey v. Banking Co., 31 Miss., 435; McConnel v. Browne, 5 Mon., 484.)

3. The provision of the Statute of Limitations which prohibits an "action" to be "brought" for relief from a fraud after ten years from the perpetration of the fraud, does not prohibit the levy of an *execution*. To levy an execution is not to "bring" an "action." And the fact that

Dorsey, &c., v. Phillips, &c.

the creditor may have lost one of these remedies does not bar the other. (Gen. Stats., p. 628; p. 629, sec. 2; p. 632, sec. 6; p. 633, sec. 1; p. 635, sec. 12; Freeman on Executions, secs. 1 and 27; Hermann on Executions, sec. 12, and pages 3 and 6; Davison v. Simmonds, 11 Bush, 331; Civil Code, secs. 2. 39 and 439; Roberts v. Tennell, 3 Mon., 254; Lamb v. Clark, 5 Pick.. 197; Hagar v. Shindler, 29 Cal., 54; Stewart v. Thompson, 32 Cal., 260; Wood on Limitation of Actions, secs. 21, 158 and 177; Ivy v. Owens, 38 Ala., 642.)

4. An *action* to set aside the conveyance as fraudulent. which was barred by limitation, is no bar to the levy of an *execution* upon the land. (81 Ky., 436; Freeman on Judgments, secs. 263 and 265; Smith's Leading Cases, vol. 2, p. 774, note; *Ibid.*, p. 783; Angell on Limitations, sec. 343; Mattox v. Helm, 5 Litt., 186; Sager v. Blaine, 44 N. Y., 449; Holland v. Hatch, 15 Ohio St.. 464; Wilbur v. Gilmore, 21 Pick.. 253; Ezzel v. Maltvie, 6 Ga. 497; Perkins v. Moore, 16 Ala., 13; 1 Gray, 106; Hurst v. Means, 2 Snead, 548; Carmony v. Hoober, 5 Pa. St., 305; Phelps v. Harris, 101 U. S., 370; Birch v. Funk, 2 Met., 544.)

5. A court of equity should not exercise its equitable discretion of issuing an injunction in aid of a fraudulent conveyance at the instance of the parties to the fraud, but should leave them to their remedies at law. (High on Injunctions; Nash v. Page, 80 Ky., 539.)

6. The law bars no right until it has first afforded a reasonable opportunity for that right to be asserted against the defendant in the courts. (Cooley's Constitutional Limitations 5th ed., 451; Berry v. Johnson, 4 Met., 295; Ray v. Sweeney. 14 Bush, 1; Cargill v. Harrison. 4 B. M., 521; Harrison v. Harrison, 7 Heisk., Tenn., 337; 26 Texas, 551; 28 Howard's Practice Rep., 334; 5 Lea, Tenn., 184; 39 Ill., 252; 41 Pa. St., 42; Suber v. Chandler, 18 S. C., 526.)

P. B. MUIR FOR APPELLEES.

1 Injunction was the only remedy. The trustee was not bound to submit to a sale, and then plead the Statute of Limitations to a proceeding by the purchaser for the possession of the land. (19 Iowa, 305; 15 Cal., 131-133; High on Injunctions, 2d ed., vol. 2, sec. 1543; *Ibid.*, vol. 1, secs. 372 and 379; Vanmeter v. Holmes, 2 Halst. Ch'y, 575; Nichols v. Levi, 5 Wall.; Goodell v. Bloomer. 41 Wis.. 436; Bank of U. S. v. Schultz, 2 Ohio, 471; Norton v. Beaver, 5 Ohio 178; Christie v. Hale, 46 Ill., 117; Bennett v. McPhadden. 61 Ill., 334; Volger v. Montgomery, 54 Mo., 577; Key. C. G. L. Co. v. Munsell, 19 Iowa, 305; Pixley v. Higgins, 15 Cal., 127; Pettit v. Sheppard, 5 Paige, 493; Oakley v. Trustees. 6 Paige, 262.)

2. After the lapse of ten years from the execution of a deed, a creditor of the grantor can not attack the deed as fraudulent either by bringing an action to set it aside or by having an execution levied upon the

Dorsey, &c., v. Phillips, &c.

land as that of the grantor. The title of the grantee is then perfect, unless affected by something other than the fraud. (Phillips, &c., v. Shipp, &c., 81 Ky., 436; Leffingwell v. Warren, 2 Black, U. S. Sup. Ct., 605; Newcombe v. Leavitt, 22 Ala., 638-9; Snodgrass v. Bank of Decatur, 25 Ala., 172.)

The case of Davidson v. Simmons, 11 Bush, 344, explained and distinguished.

3. The judgment dismissing the action to set aside. the conveyance as fraudulent is a bar to a sale of the land under execution upon the ground that the deed to appellees was fraudulent. While a litigant sometimes has an election of remedies, he can not after one has been tried out, then resort to the other and retry the *same* question. (Nichols v. Levy, 5 Wall.)

W. W. THUM on same side.

1. Where a statute protects land from being subjected in an equitable action, the land is also protected from sale under execution. (Nichols v. Levy, 5 Wall., 441.)

2. The barring of the remedy bars the cause of action and any mode of enforcing it. The appellee's title, however vicious in its inception, has ripened into a perfect one by mere lapse of time. (Chiles v. Jones, 4 Dana, 483; 3 Mar., 30; York v. Bright, 4 Humph., 312; Stanley v. Haggin, 5 Litt., 281; Leffingwell v. Warren, 2 Black, 599; Bicknell v. Comstock, 113 U. S., 152; McMahon v. Green, 12 Ala., 71; Moore v. Luce, 29 Penn. St., 260; Thompson v. Green, 4 O. S. R., 223; Wyman v. Lee, 5 Ga., 217-233; 1 Ld. Raymd., 741; 1 Burr, 60; 7 T. R., 492; 17 Ves. Jr., 87; Newcombe v. Leavitt, 22 Ala., 631; Allen v. Mille, 17 Wend., 202; Snodgrass v. Bank of Decatur, 25 Ala., 172; Tate v. Hawkins, 5 Ky. Law Rep., 627; Jones v. Scott, 5 Ky. Law Rep., 858.)

3. Statutes of limitation should be liberally construed. (Phillips v. Pope, 10 B. M., 165.)

4. As bearing upon the general questions involved, the following cases are cited: McMakin v. Shelton, 6 Ky. Law Rep., 155; Martz v. Pfeiffer, 4 Ky. Law Rep., 595; Collins v. Collins, 1 Ky. Law Rep., 323; Fritschler v. Koehler, 7 Ky. Law Rep., 85; Little v. Ragan, 7 Ky. Law Rep., 391; Phillips v. Shipp, 81 Ky., 436.

5. When a statute of limitation runs from a given, defined event or transaction, as the statute relied upon in this case does, then it is upheld according to its terms. (Forest's Ex'r v. City of Covington, 5 Ky. Law Rep., 121; Morgan v. Hamlet, 113 U. S., 250.)

JUDGE BENNETT delivered the opinion of the court.

The appellants, in 1857, brought suit against Thomas L. Phillips, as administrator of Samuel Phillips, and

his sureties, Murray Phillips being one of the sureties, to recover judgment for a large sum of money, which they alleged was due them by Thomas L. Phillips, as administrator of Samuel Phillips.  The alleged claim was contested by the administrator and his sureties until the 18th of November, 1876, when judgment was rendered in favor of the appellants for sums aggregating over ten thousand dollars.  On the 12th of December, 1878, execution was issued on said judgment against Murray Phillips, &c., which was thereafter returned "no property found."  On the 8th of February, 1861, Murray Phillips conveyed, by deed duly recorded, his home farm, containing 377 acres, to John A. Shraeder, in trust for the sole use and benefit of his, Murray Phillips', wife and children.  On the 21st of January, 1879, the appellants brought suit against Murray Phillips, his wife and children, and John A. Shraeder as trustee, the present appellees, to set aside said conveyance, and subject said land to the payment of said debt, &c., upon the ground that the conveyance was voluntary—without any valuable consideration— and, therefore, void.  The appellees, in their answer, did not deny that the conveyance was voluntary, but relied upon the statutory period of ten years' limitation in bar of appellant's right of action.  The lower court, not regarding that plea as a sufficient defense, rendered judgment in favor of appellants, subjecting the land to the payment of said debt, etc.  From that judgment appellees appealed to this court.

This court, at its September term, 1883, held that the statutory period of ten years' limitation completely barred appellants' right of action to subject said land

to the payment of said debt, etc., and reversed the judgment of the lower court, and directed the dismissal of appellants' petition absolutely. (See Phillips, &c., v. Shipp, &c., 81 Ky., 436.) After the dismissal of appellants' petition by the lower court, pursuant to the opinion of this court, they caused an exe cution to be issued upon their judgment, and levied upon the said tract of land as the property of Murray Phillips. The appellees, Shraeder, &c., filed their petition in equity against appellants, in which they alleged substantially the foregoing facts, and that said land belonged to them, and was not subject to appellants' execution. They obtained a temporary injunction enjoining the sale of said land. On the final trial of the cause, the lower court held that the land was not subject to said execution, and perpetuated the injunction. From that judgment appellants have appealed to this court.

The appellants contend that "the provision of the Statute of Limitations, which prohibits an action to be brought for relief from a fraud after ten years from the perpetration of the fraud, does not prohibit the levy of an execution. To levy an execution is not to 'bring an action.'" They also contend that "the fact that the creditor has brought an action in equity, upon a return of no property, to subject said farm to the satisfaction of his debt, and that the court has dismissed said action because not brought within ten years, does not bar the right of the creditor to afterward levy an execution on said farm."

Section 1 of article 1, chapter 44, of the General Statutes, provides, that "every gift, conveyance    *    *    *

or transfer of   *   *   *   any estate, real or personal, * * * made with the intent to delay, hinder or defraud creditors, purchasers or other persons,   *   *   * shall be void as against such creditors, purchasers and other persons," etc.

The second section of the same article and chapter also provides that "every gift, conveyance,   *   *   * or transfer   *   *   * by a debtor   *   *   * of any of his estate, without valuable consideration therefor, shall be void as to all of his then existing liabilities, but shall not, on that account alone, be void as to creditors whose debts or demands are thereafter created," etc.

The first section of the statute *supra* relates to gifts and conveyances which are made with the design, in fact, to "delay, hinder or defraud creditors, purchasers or other persons," and declares that such gifts or conveyances, etc., "as against such creditors, purchasers or other persons," shall be "void."   The statute does not declare such gifts, conveyances, etc., void for any and all purposes, but only as against creditors, purchasers or other persons, who may be delayed, hindered or defrauded, are such gifts, conveyances, etc., declared void.   As between the grantor and the grantee, such gifts or conveyances are valid.   Also, such gifts or conveyances are valid as against all persons who do not come within the category mentioned in the section of the statute *supra*.

Also, the gifts or conveyances mentioned in the second section of the statute, not only as between the parties thereto, but as against all persons, except those named in the statute, are valid.   As against the rights

of such excepted persons only, the gifts or conveyances are void.

Section 2 of article 3, chapter 71, of the General Statutes, provides that "an action for relief on the ground of fraud or mistake, * * * shall be commenced within five years next after the cause of action accrued."

Section 6 of article 4, same chapter, provides, that "in actions for relief for fraud or mistake, * * * the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud."

These two sections relate to the same character of fraud or mistake. They define each other. The second section provides that, for fraud or mistake, the action shall be commenced within five years next after the cause of action accrued. The sixth section provides that the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake. Therefore, the action may be brought within five years from the time of the discovery of the fraud or mistake, and is not limited to five years from the time of the perpetration of the fraud or mistake. The sixth section, while thus defining section two, provides that no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud.

This statute of ten years' limitation runs, not from the time of the discovery of the fraud, nor from the time the right of action first accrued, but from the time of making the contract or the perpetration of the fraud.

The gifts and conveyances mentioned in section 1 of

article 1, chapter 44, General Statutes, are declared
actually fraudulent by this court. Also, the gifts or
conveyances mentioned in the second section, *supra*,
are declared constructively fraudulent by this court;
and the statute of ten years' limitations bars any
right of action to set aside the conveyances, etc., made
in contravention of either section of the statute.
(Phillips, v. Shipp, &c., *supra*.)

As we have before said, as the gifts or conveyances
mentioned in the two sections of the statute *supra* are
valid, not only as between the parties, but as against all
persons, except those mentioned in said sections, whose
rights are affected by such gifts or conveyances, it fol-
lows that if such persons delay to bring their action
to set aside such gifts or conveyances for ten years
after they are made, then the statute bars the right
to disturb them, in toto.

The right or title acquired by such gift or conveyance
being perfect as against all persons, except those men-
tioned in the statute, the lapse of ten years from the
time of such gift or conveyance, without action, closes
out their right, and makes such gift or conveyance per-
fect as against them.

While the Legislature intended, by sections 1 and 2,
chapter 44, of the General Statutes, that neither the
fraudulent nor voluntary gift or conveyance therein
named should affect the rights of any of the per-
sons therein mentioned, it also intended by section
6, chapter 71, that after the lapse of ten years from
the time of such gift or conveyance, without action,
the fraud, whether actual or constructive, should be
condoned, and the donee's or vendee's right should,

from that time forward, be valid as against all the world.

The Statutes of Limitations of this State bar not only the legal remedy, but the legal right also; whenever the legal remedy is destroyed, the legal right is also destroyed. "The very idea of a legal right is, that it is one which may be enforced by law. The legal right and the legal remedy are, therefore, correlative. The former implies the existence of the latter, and the latter implies the existence of the former. Neither can exist without the other."

It is also well settled that the Statutes of Limitations of this State that bar the right to recover the possession of property, or to subject it to the payment of a debt, also perfect the title in the person of the claimant. (Stanley v. Earl, 5 Litt., 282; McCracken County v. Mercantile Trust Co., *ante*, p. 344.)

In the case before us, the appellees received a conveyance to the land in controversy in 1861. That the conveyance was either actually or constructively fraudulent as against appellants, there can be no doubt. In either case, however, the Statute of Limitations provides that no action shall be brought to set aside the conveyance, and subject the property to appellant's debt on account of such fraud, after the lapse of ten years from the time of such conveyance. If this statute means any thing, it means that the non-action of ten years on the part of the appellants validated and perfected the appellees' right to said land under said conveyance, as against them and all others similarly concerned in setting the conveyance aside, and who failed to take action within the ten years.

Nor does this statute require any adverse holding of the property conveyed in order to perfect the right of the vendee as against the persons whose rights are affected by the conveyance. It is sufficient if the holding is consistent with the right conveyed, as in this case. The fact that the persons, whose rights are affected by the conveyance, delay to bring their action within the time fixed by the statute, is what bars their right, and perfects the vendee's title as against them.

It is true that the judgment plaintiff may have execution issued on his judgment at any time within fifteen years after the judgment was rendered, and cause it to be levied on any property belonging to the defendant at the time; but it is not true that the plaintiff can have property levied on and sold which the defendant had conveyed to another, though fraudulently, long enough for the Statute of Limitations to bar the plaintiff's right to subject the property, by action, to the satisfaction of his judgment. Suppose the defendant, after judgment was obtained against him, should fraudulently sell his horse to a third person, and that person should hold the possession of the horse for ten years before the execution was issued, would it be contended that the execution could be levied on the horse as the property of the defendant? Or, suppose that a third person should wrongfully take the possession of the defendant's horse after judgment had been rendered, and hold the horse as his own for five years before execution was issued, would it be contended that the horse could be levied on as the property of the defendant? Would the plaintiff in the execution be allowed to say: It is true that the horse has been held long enough to

bar an action for its recovery; it could not be subjected to the satisfaction of the judgment by an action; time has barred that; but an execution is not an action. The statute reads that an action shall be barred; not an execution. The fallacy of the argument is exposed when it is remembered that the Statute of Limitations, which bars the right to recover property, or to subject it to the payment of debts by an action, perfects the holder's right to it, and, therefore, protects it from sale by execution to satisfy such debts.

For the foregoing reasons, the judgment of the lower court is affirmed.