CASE 54—PETITION EQUITY—MARCH 22.

# Brown v. Connell.

### APPEAL FROM TRIMBLE CIRCUIT COURT.

FRAUDULENT CONVEYANCES—NOTICE.—A conveyance which is actually fraudulent as to the grantor's creditors is void as to subsequent purchasers for value,. such purchasers not being affected by either actual or constructive notice of the conveyance; and a conveyance which is merely voluntary, and, therefore, only constructively fraudulent, is void as to such purchasers, unless they have actual notice of the conveyance, constructive notice not being sufficient to affect them. But the protection thus afforded to purchasers for value is only for a limited period, and whether the conveyance be actually or constructively fraudulent, the title of the grantee is perfect after the lapse of ten years, as any action to set aside such a conveyance is barred after that time; and a purchaser is then as much bound to take notice of the prior voluntary or fraudulent conveyance as if the grantee had been an innocent purchaser for value.

MARC. MUNDY FOR APPELLANT.

Where the grantor in a voluntary deed, conveying to his wife and children *all* of his land, is incumbered with debt, having judgments and executions pending against him, and having no personal property subject to execution; and he afterwards conveys the same land to a purchaser for value, the voluntary deed will be held fraudulent as to such subsequent purchaser, and the question of constructive or actual notice does not arise. (Doe v. Rushman, 17 Ald. and El. N. R., 724; Story's Eq. Juris., secs. 165, 166, 168, 356; Enders v. Williams, 1 Met., 353; Solmon v. Barnett, 1 Conn., 328; Lewis v. Love's Heirs, 2 B. M., 345; Honore v. Bakewell, 10 B. M., 281; Bank of America v. McNiel, 10 Bush, 60; Duhme v. Young, 3 Bush, 344; Mason v. Baker, 1 Mar., 708; Jones v. Jenkins, 7 Ky. Law Rep., 410; Lowry v. Fisher, 2 Bush, 70; Lyne v. Bank of Kentucky, 5 J. J. Mar., 554; Doyle v. Sleeper, 1 Dana, 523; Trimble v. Ratcliffe, 9 B. M., 511.)

SAME COUNSEL IN PETITION FOR REHEARING.

A deed which is *actually* fraudulent is absolutely void, and can not, there-fore, be made valid by the lapse of time. Therefore, while the fraud-ulent grantee *in possession* can not be disturbed after the lapse of ten years, for the reason that the victim of the fraud has lost his remedy by the lapse of time, yet the fraud remains a fraud for all time, and a court of equity will *never* lend its aid to the fraudulent grantee to re-

cover the possession from an innocent purchaser for value. (Baker v. Dobyns, 4 Dana, 225; Duncan v. McCullough, 4 Sergeant & Rawle, 485; Chesterfield v. Jaussen, 2 Vesey, 125; Enders v. Williams, 1 Met., 353; Jones v. Jenkins, 7 Ky. Law Rep., 410.)

TROUT & PEAK and JAMES S. MORRIS of counsel on same side.

CARROLL & BARBOUR for appellee.

1. Appellant had notice of the conveyance to appellee at the time of the execution of the conveyance to him, when he first became a purchaser within the meaning of the statute. The agreement entered into between him and his vendor prior to that time was not *mutually* binding, and, therefore, not enforceable. (Jones v. Noble, 3 Bush, 697; Boucher v. Vanbuskirk, 2 Mar., 345; Gilpin v. Davis, 2 Bibb, 416.)

2. The deed under which appellee claims, though voluntary, is not *actually* fraudulent.

3. Appellant is estopped by his long acquiescence from attacking the deed under which appellee claims as fraudulent.

4. Appellant did not buy appellee's interest, and has never paid for it. He is, therefore, not a *bona fide* purchaser for value.

JUDGE BENNETT delivered the opinion of the court.

On the thirtieth day of December, 1864, J. J. Connell, by deed duly acknowledged and recorded in the proper office, conveyed to his wife and children the tract of land in controversy. The appellee is one of said children. He was, at the time of the conveyance, about one year old.

On the first day of November, 1875, J. J. Connell, his wife, and all of his children, except the appellee, who was at the time an infant, conveyed to appellant said tract of land. The conveyance was by deed, duly acknowledged and recorded in the proper office. The consideration expressed in the deed was nine thousand forty-one dollars. The appellee, upon his arrival at lawful age, instituted suit against the appellant for the purpose of recovering one-fifth of said land, which he claimed by virtue of his father's conveyance.

The appellant resisted the appellee's right to recover upon two grounds :

First. That the conveyance by appellee's father was made with the design of delaying, hindering and defrauding creditors and purchasers.

Second. That the conveyance was voluntary, without any valuable consideration therefor.

Section 1 of article 1, chapter 44, of the General Statutes, provides, in substance, that every gift or conveyance of any real estate made with the intent to delay, hinder or defraud creditors, purchasers or other persons, shall be void as against such creditors, purchasers and other persons.

The second section of the same article provides, in substance, that every gift or conveyance by a debtor of any of his estate, without a valuable consideration therefor, shall be void as to all of his then existing creditors, but shall not, on that account alone, be void as to creditors whose debts are thereafter created; nor as to purchasers with notice of the voluntary alienation.

Under the first section of the statute *supra* the rule is, that if the conveyance is actually fraudulent, the subsequent purchaser for value is not affected by either constructive or actual notice of the conveyance. Under the second section the rule is, that a voluntary conveyance is *prima facie* fraudulent as to a subsequent purchaser, and unless he has actual notice of the conveyance his title is perfect, and he is not affected by the fact that the voluntary conveyance is of record. Actual and not constructive notice must be brought home to him. (Jones' Adm'r v. Jenkins, &c., 83 Ky., 391.

But the protection afforded to purchasers for value by these sections of the statute is only for a limited period.   By section 6 of article 4, chapter 71, it is provided, that "in actions for relief for fraud or mistake, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after making the contract or the perpetration of the fraud."

This section of the statute bars any right of action to set aside any gift or conveyance denounced by section 1, article 1, chapter 44, as actually fraudulent, or by section 2 of the same article as constructively fraudulent, after the lapse of ten years from the time of making such conveyance.   Such gift or conveyance, when executed, is valid as against all persons, except those whose rights are saved by said sections.   The subsequent purchaser for value, under the first section, may disregard the fraudulent conveyance in toto.   Under the second section, the subsequent purchaser is also protected, unless he has actual notice of the voluntary conveyance.   But the saving of the rights of the protected class does not last longer than ten years.   If the fraudulent or voluntary conveyance is permitted to stand for ten years without any action on the part of the protected class, then, as against that class, the donee or vendee under the voluntary or fraudulent conveyance acquires a perfect title. (Dorsey, &c., v. Phillips, &c., 84 Ky., 420.

J. J. Connell having made the conveyance to his wife and children more than ten years before appellant's purchase, it is not necessary to decide whether the conveyance was actually fraudulent.   Nor is it necessary

to decide, if the conveyance was only constructively fraudulent, whether appellant was a purchaser with actual notice. Because, in either case, the lapse of ten years, the statutory period of limitation, perfected the appellee's title as against J. J. Connell's creditors or purchasers for value from him after the period of ten years had elapsed. Upon the lapse of that period of time, the appellee's title became as perfect and complete as if he held the title by purchase for value, or as if he had acquired the legal title by fifteen years adverse possession of the land. And the appellant, having purchased after the lapse of ten years from the conveyance, acquired no title by his purchase. He was as much bound to take notice of the conveyance, and the appellee's rights thereunder, as if the appellee had been an innocent purchaser for value by deed duly recorded.

The question of improvements was not passed upon by the lower court. Upon the return of the case that matter will be settled.

The judgment of the lower court is affirmed.