## Towles v. Campbell's Administrator.

(Decided May 9, 1933.)

L. W. MORRIS, WARNER E. HAYNES and J. W. CAMMACK for appellant.

BRADLEY & BRADLEY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

John F. Payne, Jr., and William Payne were in 1913 joint owners of three certain tracts of land situated in Scott county, Ky. John F. Payne, Jr., conveyed by deed of trust to Mrs. Carrie Payne Cantrill his undivided one-half interest in the three tracts and another tract, not involved in this action, with the provision in the deed that she should reconvey it to him for life, with remainder after his death to his children, if he died leaving children, but, if he should leave no children, then to his brother, William Payne, for his life, with remainder, after his death, to his children, if any, but, if he should die leaving no children, then to the children of Mrs. Carrie Payne Cantrill. These deeds were recorded in the county clerk's office in the county in which the land was situated. Thereafter, for a cash consideration, John F. Payne, Jr., with William Payne, conveyed the three tracts to Jesse W. Campbell, by deed, with a covenant of general warranty, vesting him with a title in fee. Campbell entered upon and took possession of the land. On March 1, 1918, by deed of general warranty, for a consideration of $12,000, $10,000 of which was paid in cash and $2,000 evidenced by note, he and his wife conveyed it with like covenant to B. G. Towles, vesting in him a fee-simple title. Towles, since the date of his deed, has been in the continuous actual possession of the land to the institution of this action, during which time he has erected lasting and valuable improvements on the land. Jesse W. Campbell died a resident of Scott county in 1931, after having published his last will which was probated by the county court of Scott county, on the 6th day of August, 1931. He devised his entire estate, except $25, given jointly to S. P. Campbell and Fannie Campbell, to his wife, Laura Campbell. Laura Campbell died testate, a resident of Scott county, in 1931. Her will was probated by the county court of Scott county. She devised her entire estate, including the land in controversy, to the devisees named in the will.

Towles filed this action setting out these facts, and charged that he owned one undivided half interest in this land, in fee, and that he and John F. Payne, Jr., owned the other one-half subject to the provisions of the deed dated January 3, 1913, of Carrie Payne Cantrill and J. C. Cantrill. He charges in the petition that he was a purchaser for value and without notice of the

provisions of the deeds of Carrie Payne Cantrill to John Payne, Jr., and John F. Payne, Jr., to Carrie Payne Cantrill, and that the covenant of general warranty contained in the deed of Jesse W. Campbell and wife to him had been violated, and that he had been damaged by reason thereof, $6,000, with 6 per cent. interest thereon from March 1, 1918, until paid, representing the consideration paid and agreed to be paid by him to Jesse W. Campbell for one-half of the land to which Campbell did not have a feesimple title, which fact he averred he had learned since he accepted the deed to the land; that he had erected lasting and permanent improvements on the land of the value of $5,000, and he was entitled to recover one-half of this sum, by reason of the breach of the covenant, of the estate of Jesse Campbell. He alleged that all of the devisees under the will of Laura F. Campbell were nonresidents of the state of Kentucky and residents of the state of North Carolina, and that the executor of her will was proceeding with the settlement and distribution of her estate and will pay it to the nonresident devisees, who were insolvent. He sought to compel the administrator de bonis non with the will annexed of the estate of Jesse W. Campbell and the executor of the estate of Laura F. Campbell either to pay him the damage claimed, or to retain possession of a sufficiency of the estate to pay it, until his title was adjudicated.

The Georgetown National Bank is administrator de bonis non with the will annexed of Jesse W. Campbell. It is also executor of the will of Laura F. Campbell. It, as the administrator de bonis non with the will annexed of the estate of Jesse W. Campbell and also the executor of the estate of Laura F. Campbell, is a defendant in the original petition, and John F. Payne, Mary Payne, William Payne, Annie Bedford Payne, Eleanor Payne, J. E. Cantrill, and Corinne Cantrill were made defendants by the petition as amended. Their relationship to John F. Payne, Jr., and their interest in the land under the deeds of Carrie Payne Cantrill and John F. Payne, Jr., are set out in the petition as amended.

The administrator de bonis non with the will annexed of Jesse W. Campbell and the executor of the estate of Laura F. Campbell defend the action of Towles. Its answer charges that the conveyance of

John F. Payne to Carrie Payne Cantrill, and from her back to him, were voluntary and without consideration and never took effect under section 1907, Ky. Stats., and were void as to Jesse W. Campbell and Laura F. Campbell and their successors in title; that Jesse W. Campbell purchased the land for a valuable consideration and received the deed from John Payne, Jr., without any knowledge or notice of the existence of the deeds of John F. Payne, Jr., to Carrie Payne Cantrill, and of Carrie Payne Cantrill and J. C. Cantrill to John Payne, Jr., and, for this reason, the title of Jesse W. Campbell was a complete fee-simple title. It charges that the deed of John Payne, Jr., and William Payne to the land was of record in the office of the county court clerk of Scott county, the county in which the land was situated at the time Jesse W. Campbell acquired title to the land, and that the deed of John F. Payne, Jr., and William Payne conveyed the land to them in fee, with a covenant of general warranty, for a valuable consideration; that the title of Jesse W. Campbell came through, and was derived by, this deed of the Paynes, and that the deed of John F. Payne to Carrie Payne Cantrill, and the reconveyance by her to him was in effect and purpose the same as if John F. Payne, Jr., had deeded the land directly as a gift to his children with conditions set out in the deed of Carrie Payne Cantrill. This answer was made a cross-petition against John F. Payne and William Payne, with a statement of the facts relating to the deeds as we have stated them. A judgment was sought against them for recoupment of whatever amount the estate of Jesse and Laura F. Campbell might be required to pay by the judgment of the court, in favor of Towles. In his reply Towles interposed the statute of limitation as authorized by section 2519, Ky. Stats. John F. Payne and Mary Payne were constructively summoned. William Payne, Annie Bedford Payne, Eleanor Payne, J. E. Cantrill, and Corinne Cantrill were before the court by summons. A guardian ad litem was appointed and answered for Eleanor Payne, and an attorney for the nonresidents was appointed and reported for John F. Payne and Mary Payne. These defendants made no affirmative defense. The affidavits of John F. Payne and William Payne stating that Jesse W. Campbell at the time he purchased, accepted deed, and paid the Paynes for the land, had actual knowledge of the existence and pro-

visions of the deeds from John F. Payne, Jr., to Carrie Payne Cantrill and from her and her husband to John F. Payne, Jr. It was agreed that these affidavits might be read as their depositions, subject to competency. John F. Payne, Jr., and William Payne were the vendors in the deeds to Jesse W. Campbell, deceased, and the affidavits disclose that their statements as to his knowledge of the existence and contents of the deeds narrate a transaction with a decedent, within subdivision 2 of section 606 of the Civil Code of Practice. The circuit court correctly held this evidence incompetent. No other evidence was offered to show knowledge or notice of Jesse W. Campbell. On the pleadings and evidence offered by the parties the court decreed that B. G. Towles was the owner in fee simple by virtue of his deed from Jesse W. Campbell and Laura F. Campbell dated March 1, 1918, and that his deed was valid as against John F. Payne, William Payne, Mary Payne, Annie Payne, Eleanor Payne, J. E. Cantrill, and the estates of Jesse W. Campbell and Laura F. Campbell. Towles on this appeal presents Brown v. Connell, 85 Ky. 406, 3 S. W. 794, 9 Ky. Law Rep. 27; Dorsey v. Phillips, 84 Ky. 420, 1 S. W. 667, 8 Ky. Law Rep. 405; Graham's Adm'r v. English, 160 Ky. 383, 169 S. W. 836, and other cases of like import as illustrative of the applicable and controlling law of the case. It was held in those cases that persons entitled under section 1907, Ky. Stats., to have a conveyance set aside, either as actually or constructively fraudulent, are allowed ten years from the date of the conveyance in which to institute an action, or otherwise the title thereunder is perfect as against a bona fide purchaser for value, thereafter acquiring title by deed.

The question of limitation is not here presented. The court decreed Towles was the owner in fee simple under the allegations of the pleadings of the parties, and that, under section 1907, Jesse W. Campbell, not having actual notice of the existence or provisions of the deeds of John F. Payne, Jr., to Carrie Payne Cantrill she and her husband to John F. Payne, Jr., the deed of John F. Payne, Jr., and William Payne to him was valid and passed the title in fee to him and those claiming under him, as against all the parties and beneficiaries of the deed of the Cantrills to John F. Payne, Jr., and that the deed of Jesse W. Campbell and Laura

128

F. Campbell to Towles was valid and vested in him a fee-simple title, free of the title or claim of title of the Paynes, and those claiming under them by virtue of the voluntary conveyances of John F. Payne, Jr., to Carrie Payne Cantrill and from her and her husband to John F. Payne, Jr. The facts in this case distinguish it from the line of cases cited and relied upon by Towles. The decree of the circuit court is in harmony with Blackburn's Heirs v. Smith, 236 Ky. 387, 33 S. W. (2d) 336, which is conclusive and controlling in this case. It is unnecessary to extend or supplement the reasons set forth in it.

Wherefore the judgment is affirmed.