### 21443

Hugh H. JEFFORDS, Temporary Administrator of the Estate of Hazel Hall, Petitioner-Appellant, and Lila Caughman, Impleaded Petitioner-Appellant, v. Daisy HALL, Respondent.

(277 S. E. (2d) 703)

*George M. Stuckey, Jr.,* Bishopville, *for appellants.*

*Jan L. Warner,* Sumter, *for respondent.*

April 28, 1981.

NESS, Justice:

This is a divorce action primarily involving equitable distribution.

Hazel Hall, husband (now deceased) commenced an action for divorce. Daisy Hall, wife, respondent, answered and counterclaimed. During the pendency of this action, the hus-

band conveyed the marital residence to his sister, Lila Caughman. This was not discovered until the divorce hearing when Lila Caughman was then interpleaded by the family court judge after she testified as a witness. Hazel Hall, husband was granted a no fault divorce. The family court judge ordered:

(1) Hazel Hall to make an equitable distribution of the marital property in the sum of $15,000;

(2) Hazel Hall to pay the sum of $5,500 in lump sum alimony, suit money and attorneys fees;

(3) Lila Caughman to re-convey the marital residence back to Hazel Hall; and

(4) If Hazel Hall did not pay the total award of $20,500 within ten days, he was to convey the marital residence to Daisy Hall as an alternative method of satisfying the award.

Appellant Hugh Jeffords, temporary administrator of the Estate of Hazel Hall, appeals from the order granting respondent, Daisy Hall, equitable distribution of the marital property, lump sum alimony, suit money and attorneys fees. Appellant Lila Caughman appeals from that part of the order which required her to re-convey her interest in the marital property back to Hazel Hall.

On appeal from an order of the family court, we have jurisdiction to find facts in accord with our view of the preponderance of the evidence; however, this broad scope of review does not require us to disregard the findings of the trial court, nor does it relieve the appellant of the burden of convincing us the trial court erred. *Smith v. Smith*, S. C. 272 S. E. (2d) 797 (1980); *Spires v. Higgins*, 271 S. C. 530, 248 S. E. (2d) 488 (1978).

Appellant Jeffords first asserts the family court judge erred in awarding Daisy Hall equitable distribution. We disagree.

It is uncontradicted in the record that Daisy Hall worked during the entire marriage (part common-law and part ceremonial), she made material contri-

bution to the acquisition and maintenance of marital property, which entitled her to equitable distribution. See *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566 (1978).

Jeffords next asserts the court erred in awarding Daisy Hall lump sum alimony, suit money and attorneys fees. We disagree.

The family court judge awarded Daisy Hall the sum of $5,500 for lump sum alimony, suit money and attorneys fees. The allowance of these rests in the sound discretion of the judge and will not be disturbed on appeal absent an abuse of discretion. We find no abuse here. *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975).

Lila Caughman asserts her rights to due process were violated when she was interpleaded and ordered to re-convey her interest in the marital property to Hazel Hall. We agree.

Although the judge had the authority to interplead Caughman as a party under S. C. Code § 14-21-810(6), she was entitled to notice and an opportunity to be heard prior to being deprived of her property.

Here, Lila Caughman appeared as a *witness* at the divorce hearing, when it was discovered that Hazel Hall had conveyed the marital residence to her while this action was pending. The judge interpleaded Caughman, upon motion of Daisy Hall's counsel, and ordered her to re-convey the property to Hazel Hall. Caughman was not afforded the opportunity to appear as a litigant and offered no evidence to protect her property interest. We conclude she was denied due process.[1]

We affirm that portion of the order awarding Daisy Hall equitable distribution in the sum of $15,000 and lump sum alimony, suit money and attorneys fees in the sum of $5,500. We reverse that portion of the order requiring Lila Caugh-

---

[1] We do not express any opinion concerning the propriety of the conveyance between Hazel Hall and Lila Caughman.

man to re-convey her interest in the marital residence, and remand to the family court for the purpose of having her made a party to the litigation in the conventional fashion and for the purpose of affording her a hearing to determine whether the conveyance of the marital property from Hazel Hall to Lila Caughman was fraudulent. Until such time as a determination is made, Lila Caughman is enjoined from disposing of, placing liens upon, or attempting to place liens upon the marital residence and 9 acres.

Affirmed in part; reversed in part and remanded.

Lewis, C. J., and Littlejohn, Gregory and Harwell, JJ., concur.