0156

William H. POWELL and Laverne R. Powell, Respondents, v. Carl J. GREEN, Appellant.

(315 S. E. (2d) 183)

Court of Appeals

*Marvin P. Jackson, Jr.,* Florence, *for appellant.*

*J. Frank Looper,* Florence, *John S. Trimper, Brennan, McAliley, Hayskar, McAliley & Jefferson,* West Palm Beach, Fla., *for respondents.*

Heard Feb. 2, 1984.

Decided April 16, 1984.

GOOLSBY, Judge.

The respondents William H. Powell and Laverne R. Powell commenced this action in December 1980 against Carl J. Green for the partition of the property owned by them or, in the alternative, to secure the payment of the fair rental value of their share of the property beginning from December 19, 1978. Green filed an answer and counterclaim alleging that the deed conveying the property was null and void and should be cancelled pursuant to South Carolina Code of Laws § 27-23-20 (1976) as a conveyance for the purpose of cheating, deceiving and defrauding a subsequent or likely purchaser. The trial court awarded the respondents $30 per month in rental fees. Green appeals. We reverse and remand.

The issues considered are whether the trial court erred in ruling that Rosa Powell Green was a necessary party in order to rule on Carl Green's counterclaim and whether the trial court erred in failing to rule on the counterclaim presented by the appellant. Because we find that Rosa Green was not a necessary party to the action and that the trial court failed to address the counterclaim asserted by Carl Green, we reverse the judgment and remand the case for additional proceedings.

The property which is the subject of this lawsuit was owned by Carl Green and his wife Rosa Green as tenants in common. Green instituted a divorce proceeding on August 29, 1978. At the time the action was commenced, Carl Green was the sole occupant of the property and the mobile home situated

thereon. On December 19, 1978 Rosa Green executed a deed conveying to her sons, William and Laverne, for five dollars love and affection, all right, title, and interest to her one-half undivided interest in the marital property for and during their natural lives. The deed was recorded.

A hearing on the divorce occurred on March 28, 1979, and in an order dated April 9, 1979 both parties were given an opportunity to purchase the other's one-half interest in the real property for $2,000, which represented one-half of the subject property's appraised value. Green tendered the money to the Clerk of Court for Florence County but Rosa Green refused to convey her interest in the subject property to Green.

Green thereafter instituted an action on October 4, 1979 to compel Rosa Green to execute the deed. By order of the family court, the Florence County Clerk of Court was authorized to convey all right, title, and interest of Rosa Green in the subject property to Carl Green for the $2,000 which he previously delivered to the Clerk of Court. The deed was dated February 20, 1980. During these proceedings Rosa Green never indicated that she had already deeded her interest in the subject property to her sons for life.

In the instant case, the trial court specifically did not express any opinion on the "propriety" of the conveyance between Rosa Green and her sons but held that Rosa Green, as originator of the conveyance and as a person directly involved in the conveyance, was an indispensable party, citing *Jeffords v. Hall,* 276 S. C. 271, 277 S. E. (2d) 703 (1981).

In relying on *Jeffords v. Hall, supra,* the trial court misinterpreted the holding in the case. During a divorce proceeding evidence was presented that the husband recently conveyed the marital residence to his sister. The wife attacked the deed as being fraudulent and the trial court ordered the property to be reconveyed to the husband. The Supreme Court held that the sister was denied due process in that she was not afforded an opportunity to appear as a litigant and to offer evidence to protect her property interest. The case was reversed and remanded for the purpose of having the sister made a party to the litigation and for conducting a hearing to determine whether the conveyance was fraudulent.

Although *Jeffords* is similar to the case at bar, the distinguishing factor is that the sister in *Jeffords*, unlike Rosa Green, had a present possessory interest in the subject property at the time of the litigation. While Rosa Green did have a reversionary interest in the subject property after the life estates of her sons, that interest was conveyed by a court order dated October 10, 1979 for $2,000. As of that date, Rosa Green no longer had any interest in the subject property.

Section 15-5-200 provides that the court must cause additional parties to be joined when a complete determination of the controversy cannot be made without the presence of such parties. Additional parties are not necessary unless they have rights which must be ascertained and settled before the rights of the parties to the suit can be determined. *Long Mfg. Co. v. Manning Tractor Co.*, 229 S. C. 301, 92 S. E. (2d) 700 (1956). Since Rosa Green as grantor has parted with all interest in the subject property, she is not a necessary party. *See* 37 Am. Jur. (2d) *Fraudulent Conveyances* § 203 (1968). The trial court erred in not so holding.

We turn then to the issue of the trial court's failure to address Green's counterclaim. In his order, the trial judge stated that he did "not express any opinion concerning the propriety of the conveyance between Rosa Powell Green and the [respondents]." It was improper for the trial court not to rule on a properly presented counterclaim.

The respondents alleged that they had title to the property. The appellant attacked the title alleging that the conveyance from Rosa Green to her sons was fraudulent and for the purpose of deceiving him. Before the relief sought in the complaint could be granted, it was first necessary to determine whether the respondents had good title.

Evidence was presented on the counterclaim but the court failed to make any findings of fact. Instead, the trial judge ruled that the deed was valid on its face. This ruling left unanswered the question of the propriety of the conveyance. A judgment should not be rendered without disposing of matters raised by the defendant's pleadings, such as a counterclaim. 49 C.J.S. *Judgments* § 43 at 102 (1947); *cf. Watson v. Matley*, 121 S. C. 482, 114 S. E. 412 (1922) (where the Supreme Court reversed the trial court because of its failure to determine the question of adverse possession raised by the defendant in an action for trespass).

Respondents have alleged as an additional sustaining ground that Green cannot seek an order cancelling the deed and declaring it null and void because a conveyance may not be attacked by a subsequent purchaser, who, at the time of the purchase had actual or constructive notice of the prior conveyance.

Recordation has been held to impute knowledge of a prior transfer to a subsequent purchaser [37 Am. Jur. (2d) *Fraudulent Conveyances* § 134 (1968) ]; however, conveyances which are made with an actual intent to defraud subsequent purchasers are void when the subsequent purchase is bona fide and for a valuable consideration. This is true even though the purchaser had record notice of the fraudulent conveyance. 37 C.J.S. *Fraudulent Conveyances* § 286 (1943); *see also Brown v. Connell*, 85 Ky. 403, 3 S. W. 794 (1887).

In addition, Green was entitled to attack the conveyance in his capacity as a creditor pursuant to Section 27-23-10 of the Code. At the time the divorce proceedings were instituted each spouse became a potential creditor to collect his or her share of the marital property. Thus each spouse fell within the protection of statutes that void conveyances or transfers in fraud of persons to whom the grantor may be under a legal liability. *See* S. C. Code of Laws §§ 27-23-10 and 27-23-20 (1976); 24 Am. Jur. (2d) *Divorce and Separation* § 727 (1966); 41 Am. Jur. (2d) *Husband and Wife* § 210 (1968); *Wallace v. Wallace*, 291 S. E. (2d) 386 (W. Va. 1982). Of course, if the conveyance by Rosa Green to her two sons is later found by the trial court to have been "made upon or for good consideration and [was] bona fide," Green's attack upon that conveyance cannot succeed irrespective of whether the action is maintained under Section 27-23-10 or Section 27-23-20. S. C. Code of Laws § 27-23-10 (1976).

For the foregoing reasons the judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

GARDNER and CURETON, JJ., concur.