**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

NASSCO, Inc., Respondent,

v.

Byunghwan Chay a/k/a Bjorn Chay and Michelle
Mihyang Chay, Defendants,

Of whom Byungwhan Chay is the Appellant.

Appellate Case No. 2024-001489

———————

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-057
Submitted January 29, 2026 – Filed February 11, 2026

———————

**AFFIRMED**

———————

Adam Sinclair Ruffin, of Ruffin Law Firm, LLC, of
Columbia, for Appellant.

Aaron J. Angell, of Angell Molony, LLC, of Greenville;
and Jonathan D. Waller, of Hawk Law Group, of Aiken,
both for Respondent.

———————

**PER CURIAM:** Byungwhan Chay (Byungwhan) appeals the master-in-equity's order voiding a deed in which Byungwhan conveyed his half-interest in a property to Michelle Chay (Michelle).[1] On appeal, Byungwhan argues the master-in-equity erred in finding the conveyance was fraudulent under the Statute of Elizabeth[2] because the deed was supported by consideration and made without intent to defraud NASSCO, Inc. (NASSCO), his creditor. Additionally, he contends that even if the deed was not supported by consideration, NASSCO failed to prove Byungwhan lacked sufficient funds to pay his debt. We affirm pursuant to Rule 220(b), SCACR.

We hold Byungwhan lacks standing to appeal from the master-in-equity's order because he does not qualify as an "aggrieved party." *See* Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence or decision may appeal."); *Ralph v. McLaughlin*, 432 S.C. 640, 649, 856 S.E.2d 154, 158 (2021) (explaining a party is "aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon *his interest*, the word aggrieved referring to a substantial grievance, a denial of some personal or property right or the imposition on a party of a burden or obligation" (emphasis added) (quoting *Cisson v. McWhorter*, 255 S.C. 174, 178, 177 S.E.2d 603, 605 (1970))). At the time NASSCO commenced the present litigation, Byungwhan had relinquished his interest in the residence, and the family court had entered a final order divorcing Byungwhan and Michelle; therefore, Byungwhan was not aggrieved by the master-in-equity's order because it did not affect his rights or interest. *See Powell v. Green*, 281 S.C. 358, 360-61, 315 S.E.2d 183, 184 (Ct. App. 1984) (finding the grantor in an alleged fraudulent conveyance was not a necessary party in an action to set aside the transfer when, at the time the action was filed, the grantor had no present possessory interest or reversionary interest in the property at issue); *cf. Brown v. Butler*, 347 S.C. 259, 264, 554 S.E.2d 431, 433 (Ct. App. 2001) (finding an estranged wife—who had not yet filed for divorce—had a "sufficient interest in property titled in her husband's name to set aside a conveyance" of the property that "could" have prejudiced her claims for separate support and maintenance, alimony, or equitable division of marital property).

**AFFIRMED.**[3]

---

[1] Michelle is Byungwhan's ex-wife; the residence on the property was their marital home. Byungwhan conveyed his half-interest in the property to Michelle prior to their divorce.

[2] S.C. Code Ann. § 27-23-10(A) (2007).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, MCDONALD, and CURTIS, JJ., concur.**