19025

W. I. BIVENS, Respondent, v. M. E. KNIGHT, Appellant.

(173 S. E. (2d) 150)

*N. H. Hamilton, Esq.* of Summerville, *for Appellant,*

*Charles S. Bernstein, Esq.* of Charleston, *for Respondent.*

March 10, 1970.

Moss, Chief Justice.

W. I. Bivens, the respondent herein, obtained a money judgment against M. E. Knight, the appellant herein, and such was duly entered and recorded in the office of the Clerk of Court for Dorchester County. An execution on the said judgment was duly issued and directed to the Sheriff of said county prior to the commencement of this proceeding, and such was returned *nulla bona.* Thereafter, the attorney for the respondent filed an affidavit wherein the foregoing facts were recited and averred that the appellant had property and assets which he unjustly refused to apply towards the satisfaction of the aforesaid judgment and asking that an order be issued requiring the appellant and his wife to appear before The Honorable Louis Rosen, Resident Judge of the First Circuit, or a referee, to answer under oath concerning the property of the judgment debtor and to produce all current records pertaining to the financial status of the judgment debtor. The circuit judge, pursuant to the aforesaid request, issued an order directing the appellant and his wife to appear before the Master of Dorchester County, there to answer under oath concerning the property of the appellant and to produce all records pertaining to his income, holdings and financial status.

A hearing was had before the Master in Equity for Dorchester County. The appellant appeared and was examined under oath concerning his assets. He testified that all the property that he owned was a couple of dogs, a pickup truck and a horse. The respondent contended that the appellant owned a grocery store. The appellant testified that the grocery store was solely owned by his wife, her money having

started the store, and that he had no financial interest therein, even though the license to operate the store was in his name and he paid self employment tax on the profits from the operation of the store in a joint income tax return with his wife in 1967.

The wife of the appellant did not appear and testify at the hearing before the Master, even though she was directed so to do by the order of the circuit judge. We should point out also that the wife was not a party to the original action between the respondent and the appellant nor was she made a party in this supplementary proceeding.

It is not contended by the respondent that the appellant owned the land upon which the store building was located. Admittedly, this was the sole property of the wife. However, the Master did find that the appellant was the owner of the equipment and the stock of merchandise contained in the said grocery store and recommended that the sheriff be directed to levy upon the assets of the grocery store and to sell the same and apply the proceeds to the satisfaction of the judgment held by the respondent against the appellant.

The exceptions of the appellant to the report of the Master challenge his findings that the appellant actually owned the contents of the grocery store. These exceptions of the appellant to the Master's report were heard by the Resident Judge of the First Circuit and such report was confirmed. This appeal followed.

The appellant filed several exceptions to the order of the lower court and states that the question involved "is whether the Court had jurisdiction of Mrs. M. E. Knight, whether if it had jurisdiction was there any evidence to support the findings of the Master, and finally whether a wife's property can be sold for the debts of the husband."

Section 7-2 of the Code provides that "any person aggrieved may appeal." The question arises here as to whether the appellant was aggrieved by the order of the lower court. In *Parker v. Brown,* 195 S. C. 35, 10 S. E. (2d) 625, we

held that an aggrieved party is one who is injured in a legal sense; one who has suffered an injury to person or property. A good definition of an aggrieved party is contained in the case of *Bowles v. Dannin,* 62 R. I. 36, 2 A. (2d) 892. It is there stated that an aggrieved party within statute relating to appeals is a person who is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest, the word aggrieved referring to a substantial grievance, a denial of some personal or property right or the imposition on a party of a burden or obligation.

If the appellant is to be believed in his sworn testimony that he does not own the contents of the grocery store, he is not aggrieved by the order of the lower court. The judgment below only affects such interest or property rights as the appellant has in the contents of the store, and under the view which he takes a reversal would not benefit him. Obviously, a sale of the property to satisfy the judgment would convey only his interest therein. Beyond this point he should not be heard to complain.

The question as stated by the appellant, to be resolved on this appeal, affects only the rights of his wife who is not a party to this proceeding. The appellant may not assert error in respect to the decision of the lower court, which affects the property rights of his wife. The right of review is restricted to persons or parties aggrieved by the decision below. A party, therefore, cannot appeal from a decision which does not affect his interest, however erroneous and prejudicial it may be to the rights and interests of some other person.

The evidence supports the findings of the Master and of the Circuit Judge insofar as the contest between the respondent and the appellant is involved, but nothing we have decided herein shall be construed prejudicial to the rights of the wife, who is not a party to the proceedings.

Appeal dismissed.

LEWIS, BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.