## 19130

W. W. CISSON, Respondent, v. Hoyt McWHORTER and Pickens Savings & Loan Association, of whom Pickens Savings & Loan Association alone is, Appellant.

(177 S. E. (2d) 603)

*Felix L. Finley, Jr., Esq.,* of Pickens, *for Appellant,*

*Messrs. W. C. Mann* and *Acker and Acker,* of Pickens, *for Respondent,*

November 24, 1970.

Moss, Chief Justice.

W. W. Cisson, the respondent herein, instituted this action against Hoyt McWhorter, seeking to foreclose a Mechanic's Lien upon real property owned by him, the amount alleged to be due being the sum of $2,993.66.

Pickens Savings & Loan Association, the appellant herein, the holder of a duly recorded first mortgage lien on the premises, applied to the court for and was granted permission to intervene and be made a party defendant in said action. The appellant and McWhorter duly filed their answers to the petition.

The case came on for trial before the Honorable John Grimball, presiding judge, and a jury, at the 1968 October Term of the Court of Common Pleas for Pickens County. At appropriate stages of the trial, the appellant made timely motions for a nonsuit and a directed verdict in its favor and such were refused. The trial judge dismissed the appellant as a party to the action, holding that the mortgage of the Pickens Savings & Loan Association was a first lien upon the real estate of McWhorter and that any Mechanic's Lien of the respondent was subject and junior to said mortgage.

It appears that on February 2, 1967, the respondent and Hoyt McWhorter entered into a written time and material contract, whereby the respondent agreed to construct a dwelling for McWhorter on a lot owned by him. Pickens Savings & Loan Association agreed to and did make a loan in the amount of $10,500.00 on the McWhorter real estate. The respondent constructed the home for McWhorter with several changes being made at his request, resulting in a larger house being built than shown on the original plans. Upon the completion of the construction, McWhorter declined to pay the sum of $2,993.66 to the respondent, being the balance due under the time and material contract. The respondent duly filed a Mechanic's Lien and then instituted this foreclosure proceeding.

The complaint of the respondent specifically alleged that the Pickens Savings & Loan Association held a first mortgage on the premises and requested that his Mechanic's Lien be foreclosed and the house and lot be sold subject to said mortgage. Pickens Savings & Loan Association and McWhorter also admit that the mortgage of the appellant is a first lien upon the premises.

The record in this case discloses that the appellant never requested the foreclosure of its first mortgage. There is no contention that there has been a breach of any of the conditions or terms of the note and mortgage held by it. There is no evidence that McWhorter has defaulted in making the payment of any of his monthly installments secured by the mortgage held by the appellant. The appellant, in its answer, does not ask for any affirmative relief against the respondent or McWhorter.

The jury found a verdict for the respondent in the sum of $2,993.66. Following the verdict of the jury, the trial judge directed the foreclosure of the Mechanic's Lien and the sale of McWhorter's real estate by the clerk of the court, such to be sold subject to the first mortgage lien held by Pickens Savings & Loan Association. McWhorter has not appealed from the judgment of the trial court and such is now final as to him. Pickens Savings & Loan Association has appealed to this court, alleging numerous errors on the part of the trial judge.

The respondent contends that the appellant has not been prejudicially or injuriously affected by the judgment below and, therefore, has no standing to appeal to this court, as it is not a party aggrieved as contemplated by Section 7-2 of our 1962 Code. We, after due consideration of the record, are of like conclusion.

Our statutory provision limiting appellate review to those who have been aggrieved by the judgment below is, in our opinion, a wise and well reasoned requirement, as our court is concerned with correcting errors that have practically

wronged the appealing party. It, therefore, follows that it is our duty to reject an appeal that is prosecuted by a party who is not aggrieved in a legal sense by the judgment of the trial court.

The issue of who is a party aggrieved is not one of first impression for our court as we decided this question in *Bivens v. Knight,* 254 S. C. 10, 173 S. E. (2d) 150, and there stated:

"In *Parker v. Brown,* 195 S. C. 35, 10 S. E. (2d) 625, we held that an aggrieved party is one who is injured in a legal sense; one who has suffered an injury to person or property. A good definition of an aggrieved party is contained in the case of *Bowles v. Dannin,* 62 R. I. 36, 2 A. (2d) 892. It is there stated that an aggrieved party within statute relating to appeals is a person who is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest, the word aggrieved referring to a substantial grievance, a denial of some personal or property right or the imposition on a party of a burden or obligation."

We can find nothing in the record that would constitute the appellant a party aggrieved in a legal sense. The judgment below unequivocally affirms the fact that the appellant has a first mortgage lien on the premises in question. There can be no benefit or improvement in the appellant's position should we reverse the judgment of the lower court. This court is concerned with the substance of the judgment and not with the opinion of the appealing party.

The fact that the respondent obtained a decree against McWhorter for the foreclosure of his Mechanic's Lien in nowise adversely affects the first mortgage lien of the appellant.

It is our conclusion that the appellant was not aggrieved by the judgment of the trial court, but rather benefited thereby, and is without legal right to appeal therefrom.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.