20346

Ann Walker ASBURY, Appellant, v. SOUTH CAROLINA NA-
TIONAL BANK, as Executor of the Will of Sibylla Fuller,
Respondent.

In re WILL OF Sibylla FULLER.

(231 S. E. (2d) 306)

*W. Duvall Spruill, Esq.,* of *Turner, Padget, Graham and
Laney,* Columbia, *for Appellant,*

*George L. Dial, Esq.,* of *Dial, Jennings, Windham, Thomas & Roberts,* Columbia, *for Respondent,* 

January 12, 1977.

NESS, Justice:

Sibylla Fuller's will was proven in common form, naming the South Carolina National Bank as executor. Within the statutory period, Hugh V. Walker petitioned for proof in solemn form and the Probate Court directed the executor to conform with Section 19-255, Code of Laws, 1962. No action had been taken when Hugh V. Walker died ten months later. Approximately six months after the death of Hugh V. Walker, South Carolina National Bank as executor petitioned the Probate Court to revoke its order requiring proof in solemn form, on the basis that no qualified contestant existed. This petition was granted and notice of appeal from this order was styled on behalf "of Ann Walker Asbury as Executrix of the Will and Estate of Hugh V. Walker and as sole heir under the will of Hugh V. Walker."

The South Carolina National Bank then moved for a dismissal of the appeal on the basis that Ann W. Asbury had no standing to pursue the appeal from the Probate Court.

At the hearing on this motion it was ascertained that the will of Hugh V. Walker had not been filed for probate and hence Ann V. Walker had not been appointed executrix.

However, six days after the hearing this will was probated naming Ann V. Walker as executrix and sole devisee.

The trial court dismissed the appeal from the Probate Court holding that the appellant had no standing. We affirm.

There are three potential capacities in which the appellant in the posture of this case could have standing to pursue this appeal: (1) individually in her own right; (2) individually as the sole heir of Hugh V. Walker; or (3) representatively as executrix of the estate of Hugh V. Walker.

Standing being the sole issue, this case must be considered in the light of controlling statutory law as no right to appeal existed at common law. *Toomer v. Toomer,* 244 S. C. 399, 137 S. E. (2d) 406 (1964); *Cobb v. South Carolina National Bank,* 210 S. C. 533, 43 S. E. (2d) 465 (1947).

The circuit court correctly held that in her own right Ann Walker Asbury could have no standing to appeal from the Probate Court's order. The cases are legion interpreting Sections 7-202 and 7-2 which hold that in order to appeal a person must be a party.[1] Ann Walker Asbury personally was never a contestant nor a party to the probate proceeding and she has no individual right to appeal in that action.

The remaining capacities which could grant standing are derivative. That is, whatever rights, if any, the appellant may have to maintain the appeal exist solely as a result of the devolution of the rights of Hugh V. Walker. The issue necessarily presents the threshold question of survival of the cause of action. We find it unnecessary to reach this question in view of the posture of this appeal.

---

[1] See *Witte Brothers v. Clarke,* 17 S. C. 313 (1881); *In Re Estate of Mayo,* 60 S. C. 401, 38 S. E. 634 (1900); *Reed v. Lemacks.* 204 S. C. 26, 28 S. E. (2d) 441 (1943); *Cobb v. S. C. National Bank, supra; Bivens v. Knight,* 254 S. C. 10, 173 S. E. (2d) 150 (1970); *Cisson v. McWhorter,* 255 S. C. 174, 177 S. E. (2d) 603 (1970).

Even assuming that the action would not abate on the death of Hugh V. Walker, neither appellant nor anyone else had been appointed as executor of Hugh V. Walker's estate when the Notice of Appeal was filed. Likewise, the testamentary dispositions had not been recognized at law.

The gravamen of appellant's position is that the will itself conveyed standing and the probate thereof was strictly procedural. We disagree.

An instrument of a testamentary character is wholly ineffectual until it is admitted to probate by a competent tribunal. The testamentary disposition of property is controlled by statute. In order that a will may effectuate this purpose, it must have been executed and proven in strict compliance with the statutory requirements. Before its probate it conveyed no rights. The neglect in this regard is here fatal to this appeal. 95 C. J. S., Wills, Section 310.

"A suit brought in a name which is not a legal entity is a nullity and the action fails." *Glenn v. E. I. DuPont De Nemours & Company, Inc.,* 254 S. C. 128, 133, 174 S. E. (2d) 155, 158 (1970).

While potentially it could have been argued that Ann Walker Asbury should have been made a party to the Probate Court proceeding and served with notice of the action resulting in revocation of the Order of August 5, 1974, the question of intervention or substitution of parties is not before us and we intimate no opinion on these issues.

We therefore affirm the judgment of the lower court.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.