20637

L. A. TALLON, d/b/a Tallon Grain Company, Appellant, v. SEA-BOARD COAST LINE RAILROAD COMPANY and Cargill, Inc., Respondents.

(242 S. E. (2d) 418)

*Marvin P. Jackson, Jr.,* of Florence, *for Appellant,* 

*Gordon B. Baker, Jr.,* of Florence, *for Respondent, Seaboard Coast Line Railroad.*

*J. Boone Aiken, III,* of Florence, *for Respondent, Cargill, Inc.,* 

March 14, 1978.

RHODES, Justice:

L. A. Tallon, d/b/a Tallon Grain Company (Tallon) brought this action against Seaboard Coast Line Railroad Company (Seaboard) and Cargill, Inc. for an alleged weight loss in shipments of soybeans. The soybeans in question were transported by Seaboard from Cartersville, South Carolina, to Fayetteville, North Carolina. The case was tried before a jury and, at the close of all evidence, the trial court directed a verdict in favor of both Seaboard and Cargill from which Tallon appeals. We reverse as to Seaboard and affirm as to Cargill.

In Tallon's claim against Seaboard, he alleged that he had placed a quantity of soybeans in each of five railroad cars, and that when these cars arrived at their destination at Cargill's place of business in Fayetteville and were weighed, it was determined that they weighed 13,855 pound less than the quantity delivered to Seaboard for shipment. Tallon sought to recover the market value of this alleged shortage from Seaboard.

Cargill was the purchaser and consignee of the beans and was jointly sued with Seaboard on allegations that the shortage in the weight of the shipment was the result of spillage caused by negligent unloading or that Cargill employed inaccurate scales in weighing the soybeans.

The trial judge directed the verdict in favor of Seaboard on the narrow ground that there was insufficient proof of the weight of the soybeans at the inception of the shipment. After having been loaded with the soybeans by Tallon at Cartersville, the cars were moved to Sumter and weighed on scales owned and maintained by Seaboard. Receipts were then issued by Seaboard to Tallon purporting to show the weight of the soybeans in each of the five cars. These receipts were introduced into evidence at trial by Tallon for the purpose of showing the quantity of soybeans contained in the cars at the inception of the shipment. When the weight found by Cargill at destination is deducted from the aggregate weight of the receipts issued by Seaboard, the result is a 13,855 pound shortage, the quantity of shortage claimed by Tallon in this suit. The trial judge held that such receipts were only temporary and the weighing done by Seaboard was for the sole purpose of ascertaining the amount of freight Tallon would have to pay in advance. He further reasoned that the controlling weight was the weight ascertained by Cargill at destination.

While it is true that the contract between Tallon and Cargill for the sale of the soybeans provided that Cargill would be accountable only for the weight determined at destination, there was no understanding or contract between Tallon and Seaboard that Seaboard would be accountable only for the destination weight. It is clear to us that the temporary receipts issued by Seaboard showing the weight of the soybeans when weighed in Sumter (which was apparently the location of the nearest railroad scales to Tallon's place of business) were sufficient to present a jury question on this issue. The trial judge erred in directing a verdict in favor of Seaboard.

As we have said, Cargill, being sued jointly with Seaboard, is charged with spillage and inaccurate weighing. In deciding motions for nonsuit and directed verdicts, it is elementary that the trial judge must consider the evidence and all inferences reasonably deductible therefrom in the light most favorable to the opposing party. *Farr v. Duke Power Company,* 265 S. C. 356, 218 S. E. (2d) 431 (1975). However, in this action there was no evidence introduced that Cargill caused any spillage nor that it used inaccurate scales. Verdicts are not allowed to rest on conjecture or speculation. *Horton v. Greyhound Corporation,* 241 S. C. 430, 128 S. E. (2d) 776 (1962). The trial judge properly granted the motion for a directed verdict in favor of Cargill.

Tallon's complaint also sought recovery of $225.45 from Seaboard as a refund of freight. The validity of this claim is conceded by Seaboard in its brief.

Reversed and remanded as to Seaboard Coast Line Railroad Company.

Affirmed as to Cargill, Inc.

LEWIS, C. J., and NESS and GREGORY, JJ., concur.

LITTLEJOHN, J., not participating.