### 20713

Lee KNIGHT, Respondent, v. AUTUMN CO., INC. and Glen A. Jeffcoat, Appellants, and Frank Legowski, Respondent.

(245 S. E. (2d) 602)

*Franklin E. Robson* and *Guerard & Applegate,* Charleston, *for appellants.*

*H. C. Prettyman, Jr.,* Summerville, *for respondent Lee Knight.*

*Walter M. Bailey, Jr.,* Summerville, *for respondent Frank Legowski.*

June 15, 1978.

GREGORY, Justice.

Respondent Lee Knight brought this action against appellants Autumn Co., Inc. [Autumn] and its president Glen A. Jeffcoat, and respondent Frank Legowski to recover damages for trespass. Autumn cross claimed against Legowski for breach of contract and indemnification. This appeal is from the orders of the lower court granting Legowski's mo-

tions for a nonsuit as to Knight's cause of action and for a directed verdict as to Autumn's cross complaint for indemnification. We reject the appeal from the nonsuit order and reverse the lower court's order directing a verdict in favor of Legowski as to Autumn's cross complaint for indemnification.

On May 14, 1975 Frank Legowski and Glen A. Jeffcoat, President of Autumn, entered into a written contract for the removal of debris from Legowski's property. The debris was removed by employees of Autumn and deposited on adjacent land owned by Lee Knight. Knight brought this action against Autumn and Legowski seeking actual and punitive damages proximately caused by the trespass. Autumn cross claimed against Legowski for failure to pay the amount due for the work, and for indemnification.

At the close of *Knight's* case Legowski moved for a nonsuit. The lower court found that Knight had introduced no evidence against Legowski and granted the motion. Knight has not appealed.

At the close of *Autumn's* case, Legowski moved for a directed verdict as to the cross claim for breach of contract and indemnification. The motion was granted only as to the cross claim for indemnification. The case was submitted to the jury and a verdict was returned for Knight in the trespass action in the amount of $4,500.00 actual damages and $3,000.00 punitive damages. The jury returned a verdict for Legowski in the breach of contract action. This appeal by Autumn followed.

The appeal from the order granting Legowski's motion for a nonsuit as to Knight's cause of action for trespass was brought not by Knight, the plaintiff below, but by Legowski's co-defendant Autumn. Section 18-1-30, 1976 Code of Laws of South Carolina, provides as follows:

Any party aggrieved may appeal in the cases prescribed in this Title.

We quote from *Bivens v. Knight,* 254 S. C. 10, 173 S. E. (2d) 150 (1970):

The question arises here as to whether the appellant was aggrieved by the order of the lower court. In *Parker v. Brown,* 195 S. C. 35, 10 S. E. (2d) 625, we held that an aggrieved party is one who is injured in a legal sense; one who has suffered an injury to person or property. A good definition of an aggrieved party is contained in the case of *Bowles v. Dannin,* 62 R. I. 36, 2 A. (2d) 892. It is there stated that an aggrieved party within statute relating to appeals is a person who is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest, the word aggrieved referring to a substantial grievance, a denial of some personal or property right or the imposition on a party of a burden or obligation. 173 S. E. (2d) at 152.

See also: *Cisson v. McWhorter,* 255 S. C. 174, 177 S. E. (2d) 603 (1970).

Autumn and Legowski were sued by Knight as joint ██ tortfeasors. It is settled in this State that there is no right of contribution among joint tortfeasors and the injured party may elect whom he will sue. *Adcox v. American Home Assurance Co.,* 258 S. C. 331, 188 S. E. (2d) 785 (1972). Since Autumn's potential liability to Knight was not increased by the granting of Legowski's motion for a nonsuit, Autumn has not suffered an injury to its person or property as a result of the lower court's order and thus is not an aggrieved party within the meaning of Section 18-1-30. Furthermore, Autumn's position would receive no benefit or improvement should we reverse the lower court's order.

This Court is concerned with correcting errors that have practically wronged the appealing party and where, as here, the appeal is prosecuted by a party who is not aggrieved in a legal sense by the order below, it becomes our duty to reject that appeal. *Cisson v. McWhorter, supra.*

Appellant next asserts the lower court erred by granting Legowski's motion for a directed verdict as to the cross complaint for indemnification.

On appeal from an order directing a verdict for respondent this Court will review the evidence and all reasonable inferences therefrom in the light most favorable to appellant. A directed verdict should not be granted if the evidence is susceptible of more than one reasonable inference. *Bellamy v. G.M.A.C.*, S. C., 239 S. E. (2d) 73 (1977).

The parties' written contract states in part:

It is further agreed that Mr. Clyde Cockrell will be paid fifty dollars ($50.00) per day to supervise the removal, burying, and leveling of the land. The fifty dollars ($50.00) per day payable to Mr. Clyde Cockrell is to be deducted from the total contract price.

\* \* \*

There is to be no prepayment of any money until the job is completed to the satisfaction of Mr. Clyde Cockrell.

Autumn's cross complaint for indemnification is based on its argument that under the written contract Legowski is responsible for Cockrell's delicts in connection with supervising the removal of the debris from Legowski's land.

Cockrell testified he was accountable to both Legowski and Autumn, and based on this testimony the lower court held as a matter of law that Autumn was not entitled to indemnification from Legowski because both parties were equally responsible for Cockrell's acts and omissions.

Other evidence introduced at trial indicates that Cockrell and Legowski are former business associates, and that Legowski did in fact exercise control over Cockrell.

Since the evidence was conflicting and susceptible of more than one reasonable inference, the lower court erred by refusing to submit the question of indemnification to the jury.

Accordingly, we reject appellant's appeal from the nonsuit order, and reverse the order granting Legowski's motion for

a directed verdict as to Autumn's cross complaint for indemnification.

Affirmed in part, reversed in part and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.