21667

Henriette Fellner ROBERTS, Respondent, v. Roland L. ROBERTS, Appellant, and Henriette Fellner ROBERTS, Respondent, v. Roland L. ROBERTS, and J. Robert Joiner, Appellants. (two cases)

(289 S. E. (2d) 640)

*J. Robert Joiner, pro se,* and *Lewis Lanier* and *Jack Mc-Guinn,* Columbia, *for appellants.*

*Jan L. Warner,* Sumter, *for respondent.*

March 9, 1982.

HARWELL, Justice:

This is a consolidation of two appeals from Family Court. The first appeal taken by appellant Roberts is from an order granting the respondent $400 a month alimony, appointing a sequestrator to assure that payments from Roberts' United States Retirement Fund is sent directly to respondent, and awarding respondent fees for her attorney and the sequestrator. The second appeal is from an order holding both appellants in contempt of court—Roberts for not paying alimony as ordered and Roberts' attorney, Joiner, for interfering with the court's order concerning the Retirement Fund.

The respondent, a native Austrian, and appellant Roberts, an officer in the United States Army, were married in 1948 in Maryland. They subsequently moved to South Carolina where they lived with their four children until 1963 when Roberts was transferred to Italy. Roberts never returned to his family although he returned to the United States in 1964. He retired from the service in 1965.

On January 23, 1979, respondent filed a Summons, Petition, and Proceeding for Attachment seeking a complete and final

divorce, alimony, equitable division, attorney's fees, and related relief. Roberts was personally served in Georgia with the Summons, Petition, and an Order and Rule to Show Cause why the respondent should not receive alimony, $50,000 equitable division of property, title to the marital residence, attorney's fees and fees for a sequestrator, why a sequestrator should not assure that the respondent receive monthly payments from Roberts' retirement fund, and also authorized the respondent to file a *lis pendens* as to the marital residence.

On April 4, 1979, Roberts filed a Motion to Quash Service alleging the South Carolina family court did not have personal jurisdiction over him. In his motion he asked that the appointed sequestrator be ordered to take no action and that no attorney's fees be awarded. He also filed a Motion to Allow a Limited Appearance and a Limited Answer, in which he alleged the issue of divorce was moot because he had already obtained a divorce in Georgia.

The trial court heard Roberts' Motion to Quash Service on May 2, 1979. By Order of May 8, 1979, the court stated that Roberts had made a General Appearance and had waived his right to question personal jurisdiction because he had requested affirmative relief in his pleadings. Roberts' Motion that the sequestrator be required not to take any steps toward the military retirement fund was also denied. The May 8, 1979 order was not appealed.

On August 23, 1979, Judge Boulware issued his order giving full faith and credit to the ex parte Georgia divorce decree. However, he found that South Carolina had jurisdiction to determine all financial issues between the parties. He awarded the respondent $400 a month alimony (retroactive to April 1979 with Roberts immediately forwarding $2000 back alimony payments to respondent) and ordered that Roberts make an irrevocable allotment to respondent of his U. S. Army Retirement Funds. In the event Roberts failed to make the allotment, the sequestrator was ordered to send the U. S. Army Retirement Center a certified copy of Judge Boulware's order. In addition, Roberts was ordered to make respondent the irrevocable beneficiary of a $10,000 life insurance policy and to pay respondent $2000 for attorney's and sequestrator's fees.

Roberts was ordered to give the respondent title to the South Carolina marital residence.

Roberts appealed from the August 23, 1979 order alleging that the court should not have appointed a sequestrator, that it did not have personal jurisdiction over him, that it should not have allowed a sequestrator to participate in the trial, that it should not have awarded sequestrator's fees and that it should have awarded part of the marital residence to Roberts.

Because Roberts did not appeal from the May 8, 1979 order which denied his motion concerning the sequestrator, that issue is not now properly before us. *McKenzie v. McKenzie*, 254 S. C. 372, 175 S. E. (2d) 628 (1970). Therefore, we express no opinion concerning the propriety of the issuance of the Writ of Sequestration. Likewise, the unappealed May 8, 1979 order determined that Roberts had waived his objection to personal jurisdiction; therefore, that issue is not properly raised. All other issues expected to the August 23, 1979 order are without merit and are affirmed under Rule 23.

Roberts determined that because he had filed an appeal, he should make no alimony payments or request his retirement pay be sent directly to respondent until his appeal was heard. Therefore, on October 24, 1979, the sequestrator sent a certified copy of the order to the Director of Military Pay Operations and directed that the retirement payments be forwarded to respondent. However, on October 30, 1979, Roberts' Georgia attorney, Robert Joiner, asked that the Director of Retired Pay not honor the sequestrator's request because he had appealed from Judge Boulware's order. Upon receiving a copy of Joiner's letter, on November 14, 1979, Respondent's attorney requested that Joiner retract the statement within five days or he would cite him, his client and his client's South Carolina counsel for contempt.

On January 7, 1980, respondent's attorney petitioned for a Rule to Show Cause why Roberts and Joiner should not be held in contempt—Roberts for failing to pay respondent alimony and Joiner for interfering with the Court's previous order concerning the retirement fund. On

January 17, 1980, Judge Boulware issued a Rule to Show Cause for both appellants. On January 29, 1980, the Order and Rule to Show Cause along with a verified petition were served upon both appellants in Fulton County, Georgia. At the February 1, 1980 Rule to Show Cause hearing neither appellant appeared. Judge McEachin found that the Court had personal jurisdiction over appellant Joiner because he had been specially admitted, pro hac vice, and allowed to practice before the South Carolina Family Court as co-counsel of record for Roberts and therefore, had submitted himself to the jurisdiction of the court. By his order of February 7, 1980, Judge McEachin found both appellants in contempt. He ordered Roberts to pay all alimony arrearages or be imprisoned for a year, and ordered Joiner to retract in writing a statement he had made in a letter to the Director of Retired Pay requesting that the Director not forward payments to respondent. Judge McEachin also permanently enjoined Joiner from interfering with the duties of the sequestrator and from practicing in the South Carolina Family Courts until further order.

We affirm the February 7, 1980 order pursuant to Rule 23.

Affirmed.

LEWIS. C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.