21760

Wesley M. DUNSON, Respondent, v. Haruko S. DUNSON, Appellant.
(294 S. E. (2d) 39)

*John A. Mason,* Columbia, *for appellant.*

*Robert J. Thomas,* Columbia, *for respondent.*

July 20, 1982.

LEWIS, Chief Justice:

This appeal by the wife from a divorce decree challenges the granting of the divorce on the ground of separation for one year instead of on her asserted ground of desertion, the adequacy of the award for alimony and counsel fees, and the failure of the court to require the husband to pay the amount in arrears for alimony under previous pendente lite orders.

The parties separated in August 1978 when the husband left the marital home and thereafter refused to return despite requests from the wife for resumption of the marital relationship. The record fails to explain or justify the husband's actions.

During the next twelve (12) months after the separation, the wife petitioned the Family Court for support on three occasions: (1) in September 1978, resulting in an order directing payment of $150.00 monthly in temporary alimony to the wife; (2) in February 1979, resulting in an order increasing the monthly payment of alimony to $250.00 and directing payment of counsel fees to the wife in the amount of $250.00; (3) in May 1979, at which time a contempt citation was sought for failure of the husband to pay in accordance with the previous orders, resulting in an order directing a single payment of $250.00 with nothing done about the existing arrears. The record indicates that the husband has paid very little toward compliance with any of the foregoing directives.

The husband thereafter brought this action, in August 1979, for a divorce on the ground of separation for one (1) year. Section 20-3-10, South Carolina Code of Laws, 1976, as amended. The wife answered and counterclaimed for divorce

on the ground of desertion and, pertinent to this appeal, for permanent alimony, attorney fees, and a contempt citation for failure of the husband to pay all arrears in alimony under prior orders.

The court granted the divorce on the ground of separation for one year, and denied appellant's allegation of desertion because of lack of corroborating evidence. Alimony was granted to the wife in the amount of $140.00 per month and attorney fees in the amount of $600.00. With reference to the wife's request that a contempt citation be issued against the husband for failure to make alimony payments as directed by the previous orders, the court ruled: ". . ., due to the debts of the respondent the court is of the opinion that all past due money for support shall be held in abeyance until further order of the court."

The wife first contends that the trial court erred in failing to grant a divorce to her on the ground of desertion; instead the divorce was granted on the ground of separation for one (1) year as asserted by the husband. We need not determine whether, under the evidence, a divorce could have been granted on the ground of desertion. Both parties seek a divorce; one asserted separation for one (1) year as a ground, the other desertion. The failure to sustain the wife's allegation of desertion has not prejudiced any of her rights. The award of the divorce on the ground of separation for one (1) year has not denied to her any personal or property right, nor has it imposed on her any burden or obligation. She has been properly declared entitled to alimony, from which there is no appeal. She is simply not an aggrieved party in so far as this issue is concerned. Section 18-1-30, South Carolina Code, 1976; *Cisson v. McWhorter*, 255 S. C. 174, 177 S. E. (2d) 603.

The wife next excepts to the award of $140.00 per month alimony and the award of $600.00 attorney fees as inadequate. We agree. At the time of the hearing in the lower court, the husband had a net monthly income of over $1400.00, and the wife was earning $300.00 per month with, apparently, no special or marketable skills. While the husband alleges some health problems which may affect his future income, we think the award of alimony and counsel fees, under the present record, were so inadequate as to require that these issues be reconsidered by the lower court.

Finally, the wife contends that the lower court erred in ■ refusing to cite the husband for contempt for his failure to make alimony payments under the prior pendente lite orders. The record shows that the husband has failed to make the payments which he was directed to make. This constitutes a prima facie case of contempt and the trial judge was in error in deferring consideration of this issue and holding all past due payments for support in abeyance. *Roberts v. Roberts*, S. C., 289 S. E. (2d) 640; *Means v. Means*, (1982), S. C., 288 S. E. (2d) 811; *Brooks v. Brooks*, (1982), S. C., 286 S. E. (2d) 669.

Apparently, the only excuse offered by the husband for failure to make the payments of alimony as directed is the alleged large amount of his indebtedness. From this record, it is impossible to determine what, if any, effect the alleged indebtedness of the husband should have as justification for his failure to comply with the orders of the court.

Where, as here, prima facie case of contempt is shown, ■ the burden shifts to the husband to show a legal excuse for failure to comply with the court's orders. The husband was first ordered to make payments to the wife for support in September 1978, almost four (4) years ago. To the date of the hearing before the lower court, he apparently, had made little, if any, effort to comply with the court's orders and the court for no apparent reason has failed to bring the matter to a final conclusion. Since we do not think that the question of contempt was properly considered by the trial court, that issue is remanded for reconsideration and prompt determination.

So much of the judgment under appeal as grants a divorce to the parties on the ground of separation for one year is affirmed; the issues concerning the amount of alimony and attorney's fees, together with the question of contempt are reversed and remanded for further consideration in the light of the views expressed herein.

Pending a determination of these issues upon remand, the husband shall pay to the wife, as previously ordered, the sum of $250.00 per month as alimony from the date of the filing of this opinion, the first payment to be made within five days thereafter. The enforcement of these payments shall be promptly made by the lower court.

Affirmed in part, reversed in part, and remanded for further proceedings.

LITTLEJOHN, NESS and GREGORY, JJ., concur.

HARWELL, J., not participating.