21825

Delores BRODE, Respondent, v. Deanna BRODE, a minor under the age of fourteen (14) years, and Jack E. Brode, her father and Guardian, Defendants, of whom Deanna Brode is, Appellant.
(298 S. E. (2d) 443)

*Orrie E. West,* of *Neighborhood Legal Assistance Program, Inc.,* Conway, *for appellant.*

*H. Page Dees,* Myrtle Beach, *for respondent.*

*John D. Elliott,* Columbia, *for Aston Wilkes Advocacy for Youth, amicus curiae.*

Dec. 9, 1982.

LEWIS, Chief Justice:

This appeal is dismissed pursuant to Section 18-1-30, Code of Laws of South Carolina, 1976, which limits review by this Court to parties aggrieved by judgments or decrees. *Bivens v. Knight,* 254 S. C. 10, 173 S. E. (2d) 150; *Cisson v. McWhorter,* 255 S. C. 174, 177 S. E. (2d) 603.

The circumstances of this appeal require some comment, not by reason of any merit to the issues framed, but rather by reason of the poor judgment exercised by counsel in prolonging this litigation. The appellate backlog in South Carolina, now a matter of public knowledge, no longer permits us the luxury of entertaining improper appeals, if ever that option existed. See *State v. Harris,* S. C., 292 S. E. (2d) 40.

Appeal is taken from an Order of the Horry County Family Court authorizing the natural parents to proceed with sterilization of their daughter, Deanna. The matter came to be heard in the courts of this State almost fortuitously. Deanna's father is an enlisted member of the Unites States Air Force assigned to Myrtle Beach Air Force Base, South Carolina. When the parents determined that sterilization was in Deanna's best interest, they applied to have the cost of the medical procedure paid by CHAMPUS, a program designed to aid military families in paying for services rendered by civil-

ian doctors which are frequently not offered at military facilities. CHAMPUS regulations required a court order before payment for this procedure could be made. Thus, the natural parents sought appropriate judgment from the Family Court of Horry County. A Guardian ad Litem was appointed for Deanna and additionally counsel bringing this appeal was appointed to represent the child through the Guardian ad Litem.

Contrary to the contention of counsel bringing this appeal, the Family Court properly assumed jurisdiction of this action under the provisions of Section 20-7-400(a), Code (1981 cum. supp.), which grants exclusive original jurisdiction to family courts in matters concerning any child whose "behavior" or "condition" could "injure or endanger his welfare," Section 20-7-400(a) (1). The same section empowers the family court to provide "for the treatment ... of a mentally defective or mentally disordered or emotionally disturbed child." Section 20-7-400(a) (2), Code (1981 cum. supp.).

An extensive hearing was conducted by the court below. The record reveals that Deanna is a handicapped eleven-year-old girl who has been diagnosed as "profoundly" retarded in addition to suffering other disorders such as hyperactivity, cerebral palsy and a tendency to experience seizures. At the hearing before the Family Court, the extent and permanence of this child's mental retardation was clearly established beyond even a reasonable doubt. Her pediatrician testified that Deanna at age nine had a mentality of three and that she could not be expected to progress beyond the mentality of a pre-school child. Detailed testimony was taken from a certified psychiatrist. His examination led him to conclude that improvement in Deann's condition was "highly unlikely" and under vigorous cross-examination he stated, "I would say as close to a certainty as I could get that she is not going to get better."

Other testimony was received from a school psychologist, a psychiatrist, and the parents, substantiating the need for sterilization of the child and the dangers to the child's health by continued menstruation, as well as the dangers of pregnancy.

In the course of this hearing, the witnesses were closely questioned by counsel. Both the Guardian ad Litem and the appointed attorney raised every possible doubt that could be cast upon petitioner's claims. In addition, the trial judge questioned witnesses and directed that Deanna herself be presented to the court so that he might observe her. It can be safely said that no stone was left unturned in the protection of Deanna's best interests.

At the conclusion of this hearing, the Guardian ad Litem informed the court that he accepted the factual showing and joined in the prayer of the parents that sterilization of Deanna be authorized. At this time the duties of appointed counsel ended, absent evidence of fraud or collusion on the part of the guardian. We note the language of Ethical Consideration 7-12, adopted as part of Supreme Court rule 32: "Where an incompetent is acting through a guardian or other legal representative, a lawyer must look to such representative for those decisions which are normally the prerogative of the client to make."

The ultimate election to bring an appeal is to be made by the client, not the attorney. The rule is well settled and should be self-evident that "an attorney may not take an appeal against the wishes or without the consent, of his client. . . ." 7A C.J.S. Attorney and Client Section 203, p. 338. During the pendency of this appeal, petition was made to this Court to supersede and stay the judgment of the family court, which relief was granted. At no time during those proceedings, or prior to the oral argument of this case, did appellate counsel advise this Court of the position taken by the Guardian ad Litem. Such lack of candor is not to be condoned.

A substantial portion of the seventy-two (72) page brief purportedly filed on behalf of Deanna Brode is devoted to a thoroughgoing and thoroughly irrelevant attack upon eugenic sterilization. By contrast a meager eight (8) pages address the testimony and evidence in *this* record, and at no point in this discourse does appellate counsel assert that Deanna's real interests will be served by continued menstruation. Over against the actual health and welfare of her former client, counsel has set up a constitutional right to procreate, which right, the medical testimony indicates, can never be

exercised by Deanna without jeopardizing her emotional and physical health.

In short, we deem this appeal to have been not only improper but positively injurious to the interests of the purported appellant.

Appeal dismissed and judgment of the lower court affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.