22363

Joseph A. HODGE, Sr., as Executor of the Estate of Katherine W. Hodge, Deceased, Respondent, v. CRAFTS-FARROW STATE HOSPITAL, A DIVISION OF the S. C. DEPARTMENT OF MENTAL HEALTH, Appellant.

(334 S. E. (2d) 818)

Supreme Court

*Douglas McKay, Jr.* and *R. Howard Grubbs,* of *McKay, McKay, Grubbs & Nunn, P.A.,* Columbia, *for appellant.*

*Francis T. Draine,* of *Draine & McLaren, P.A.,* Columbia, *for respondent.*

Heard April 23, 1985.

Decided Sept. 26, 1985.

LITTLEJOHN, Chief Justice:

The Plaintiff-Respondent, Joseph A. Hodge, as Executor of the estate of Katherine W. Hodge, deceased, commenced this action to collect damages for the alleged wrongful death of his 61-year-old wife from the Defendant-Appellant, Crafts-Farrow State Hospital (a state-owned institution) and against the State Commissioner of Mental Health, Dr. William S. Hall and against Richland Memorial Hospital. Both Dr. Hall and the Richland Memorial Hospital were dismissed prior to the trial. The jury returned a verdict in favor of the Executor. We reverse.

The gravamen of the Executor's tort action as taken from his brief is that Crafts-Farrow acted "... negligently by removing Respondent's decedent from her bed at a time when she was gravely ill, to give her a shower or tub bath during which she fell and struck her head." There were a total of sixteen allegations of negligence in the complaint. The answer of Crafts-Farrow asserts that the deceased was suffering from Alzheimer's Disease and in essence amounts to a general denial.

At appropriate stages of the trial, motions for non-suit and for a directed verdict were made by Crafts-Farrow and were denied. Crafts-Farrow alleges the denials constituted error. While other issues are raised on appeal, our disposition of this one issue will dispose of the entire matter.

The deceased, who had a two-year history of Alzheimer's Disease, was admitted to Crafts-Farrow on October 10, 1979. She died at the Richland Memorial Hospital on July 25, 1980. On July 15, 1980, at about 8:00 in the morning, she was given a bath by a mental health specialist. While being returned to her bed area in a geri chair (a large high chair) she suddenly slumped over and struck her head on the shelf of the chair.

Dr. Makapugay became concerned that she may have suffered a head injury. Out of an abundance of precaution, she sent her to the Richland Memorial Hospital for examination and evaluation by Dr. Robert Taylor, a board certified neurologist.

Dr. Taylor conducted a computer axial tomography (known as a CAT scan) examination to determine if there was any evidence of brain injury. Because of the decedent's deteriorated mental condition, it was impossible to communicate with her. Such an examination requires that the patient be completely still. In order to assure immobility, she was sedated with a 5 mg. dose of valium to calm her for the procedure.

The examination revealed no evidence of brain injury other than that resulting from Alzheimer's Disease. Plans were made to return her immediately to Crafts-Farrow when she began to show symptoms of respiratory distress. The condition worsened and she was admitted to the Richland Memorial Hospital as a patient where she died ten days later. The death certificate indicated that the "immediate cause of death was respiratory failure to or as a consequence of severe pneumonia unresponsive to therapy, secondary to aspiration." It was indicated that Alzheimer's Disease was a contributing cause.

Actionable negligence is based upon the breach of ■ ■ duty to do or refrain from doing some particular act.

If one neglects a duty which proximately causes injury to another, recovery is warranted. In order for conduct to amount to negligence for which compensation can be collected, the actor must have foreseen, or by the exercise of ordinary care should have foreseen, the probability that his conduct would likely cause injury to another. *See* S. C. Digest, *Negligence*, Key No. 1.

There is no competent medical evidence in the record ■ before us that would warrant the conclusion that the proximate cause of the death of Mrs. Hodge was a negligent breach of duty on the part of the employees of Crafts-Farrow. The evidence most favorable to the Executor does not tend to prove that employees of Crafts-Farrow should have foreseen that their conduct would bring about injury to Mrs. Hodge. Obviously, her death was caused by a

reaction to the taking of valium which could not be anticipated by either employees of Crafts-Farrow or the doctors who administered it.

In order for the verdict to stand in the case, we would have to hold that the employees of Crafts-Farrow could have foreseen the deceased's injuries as a result of their conduct. Even if the employees of Crafts-Farrow were negligent, such was, not as a matter of law, the cause of the death of the decedent.

The case is remanded for entry of judgment in favor of Crafts-Farrow.

Reversed and remanded.

NESS and GREGORY, JJ., concur.

HARWELL and CHANDLER, JJ., dissenting in separate opinion.

CHANDLER, Justice (dissenting):

I respectfully dissent.

Our scope of review is limited to the determination of whether there is *any* evidence which reasonably supports the verdict. If evidence was presented which, when viewed in the light most favorable to Respondent, gives rise to more than one reasonable inference, the jury's verdict must stand. *Tallon v. Seaboard C.L.R. Co.*, 270 S. C. 362, 242 S. E. (2d) 418 (1978); *Knight v. Autumn Co.*, 271 S. C. 112, 245 S. E. (2d) 602 (1978).

Evidence of negligence, however slight, was presented. The testimony of the doctor and the nurse in charge of decedent at the time of the accident clearly showed that Crafts-Farrow had an established standard operating procedure for bathing patients in geri chairs.

Evidence that this procedure was not followed on the occasion of decedent's accident entitled the jury to a finding of negligence which contributed proximately to the head injury.

I would affirm the judgment and verdict below.

HARWELL, J., concurs.