580

Ex parte Michael K. WHETSTONE, Appellant.

In re Robert Wayne HAGINS, GAL for Robert Michael Hagins and Court-ney Elaine Hagins, Plaintiffs v. Benjamin WHETSTONE and Celeste Mae White, as Trustees for Seven Stones Trust, a/k/a Seven Stones Holding Company, Defendants, of whom Robert Hayne Hagins is Respondent.

(347 S. E. (2d) 881)

Supreme Court

May 22, 1986.

## ORDER

This is an appeal by a non-party witness from an order directing him to attend a deposition and produce certain documents. Respondent moves to dismiss the appeal on the ground the order is interlocutory and not directly appealable. We grant the motion to dismiss.

An order directing a party to participate in discovery ██ is interlocutory and not directly appealable under S. C. Code Ann. § 14-3-330 (1976). *Patterson v. Specter Broadcasting,* 287 S. C. 249, 335 S. E. (2d) 803 (1985); *Lowndes Products, Inc. v. Brower,* 262 S. C. 431, 205 S. E. (2d) 184 (1974). We now hold that an order directing a non-party to submit to discovery is not immediately appealable.

Instead of appealing immediately, a non-party has two alternatives. He may either comply with the discovery order and waive any right to challenge it on appeal, or refuse to comply with the order and appeal after he is held in contempt for his failure to comply. This is the same rule applied by the federal courts. *See United States v. Ryan,* 402 U. S.

532, 91 S. Ct. 1580, 29 L. Ed. (2d) 85 (1971); *Cobbledick v. United States*, 309 U. S. 323, 60 S. Ct. 540, 84 L. Ed. 783 (1940); *Federal Trade Commission v. Alaska Land Leasing, Inc.*, 778 F. (2d) 577 (10th Cir. 1985); *Newton v. National Broadcasting Co.*, 726 F. (2d) 591 (9th Cir. 1984).

Moreover, this rule is consistent with S. C. Code Ann. § 18-1-30 (1976), which limits appellate review to parties aggrieved by a judgment or order below. *Brode v. Brode*, 278 S. C. 457, 298 S. E. (2d) 443 (1982); *Asbury v. South Carolina*, 268 S. C. 40, 231 S. E. (2d) 306 (1977). This Court has defined an aggrieved party as one who is injured in a legal sense or one who has suffered an injury to person or property. *Dunson v. Dunson*, 278 S. C. 210, 294 S. E. (2d) 39 (1982); *Cisson v. McWhorter*, 255 S. C. 174, 177 S. E. (2d) 603 (1970); *Bivens v. Knight*, 254 S. C. 10, 173 S. E. (2d) 150 (1970).

A non-party suffers no legal injury when he is ordered to participate in discovery. The necessary legal injury does not arise until he is held in contempt.

Because appellant has not yet been held in contempt, he has not right to appeal. Accordingly, the appeal is dismissed.

It is so ordered.