THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
State of South Carolina, Appellant,
v.
Rocco Capodanno, Jr., Respondent.
 
 
 

Appeal From Lexington County
 Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2011-UP-393 
Heard May 3, 2011  Filed August 18, 2011 

REVERSED

 
 
 
Rachel D. Erwin, of Blythewood, for Appellant.
John S. Nichols, of Columbia and S. Murray Kinard, of
 Lexington, for Respondent.
 
 
 

PER
 CURIAM: This is an appeal from the circuit court's reversal of Rocco
 Capodanno's conviction for driving under the influence.  We reverse and
 reinstate the conviction because the ruling the circuit court found to be
 erroneous was a ruling in favor of Capodanno.  Therefore, Capodanno was not
 aggrieved by the ruling, and his conviction cannot be reversed on that basis.

I.  Facts and Procedural History

Capodanno
 was arrested on March 17, 2006, and charged with driving under the influence by
 South Carolina highway patrolman M.F. Mars.  At the time of the arrest, Mars's
 patrol car video equipment was inoperable; therefore, he did not videotape the incident
 site as required by section 56-5-2953(A) of the South Carolina Code (Supp. 2006).[1] 
 However, Capodanno submitted to a breathalyzer test that was videotaped.  The
 magistrate judge assigned to the trial set a discovery deadline pursuant to
 Rule 5, SCRCrimP.  Mars failed to comply with the deadline.  Capodanno filed a
 motion for discovery sanctions based on Mars's failure to comply with the deadline
 set by the magistrate.  The magistrate granted the motion, but did not dismiss
 the case as requested by Capodanno.  Rather, the magistrate sanctioned the
 State by ruling that the State could not introduce the breath test site video. 
 The magistrate's ruling did not prevent Capodanno from introducing the breath
 test site video, but his attorney "elected not to put it in"
 evidence.  The magistrate prohibited Capodanno from either cross-examining Mars
 about the discovery sanction or arguing to the jury about it.  
Capodanno
 also made a motion to dismiss based on Mars's failure to video the incident site
 pursuant to section 56-5-2953.  Mars submitted an affidavit, as required by
 section 56-5-2953(B),[2] stating that he could not film Capodanno's arrest because he previously removed
 the camera from his patrol car for repairs.  Capodanno argued the affidavit was
 insufficient because it did not show "reasonable attempts had been made to
 put [the camera] in working order."  The magistrate denied the motion.  At
 trial, Mars gave Capodanno documents relating to the attempted repairs of the
 camera.  Capodanno asked for a continuance "to explore this issue,"
 but the magistrate denied the motion.
Capodanno
 was convicted of driving under the influence.  He appealed the conviction to
 the circuit court arguing the magistrate should have (1) granted the motion to
 dismiss for failure to provide a copy of the breath test site video in discovery
 pursuant to Rule 5 and Brady v. Maryland, 373 U.S. 83, 87-88 (1963), (2)
 granted the motion to dismiss for failure to video the incident site pursuant
 to section 56-5-2953, (3) granted a continuance when Mars provided discovery relating
 to the repairs of the patrol car camera shortly before trial, and (4) allowed
 Capodanno to make arguments regarding the absence of the breath test site video.
The circuit
 court's order stated there was only one issue before it"Was exclusion of
 the [breath test] room video tape but allowance of [the breath test] results
 proper?"  This issue relates only to the magistrate's ruling on
 Capodanno's motion for a discovery sanction.  The magistrate's ruling on this
 motion had two components.  First, the magistrate ruled in favor of the State
 by refusing to dismiss the case as a sanction for the discovery violation. 
 Second, the magistrate ruled in favor of Capodanno by prohibiting the State
 from introducing the breath test site video.  As Capodanno conceded at the
 hearing before the circuit court, he was not prejudiced by the component of the
 ruling prohibiting the State from introducing the breath test site video
 because he had the right to introduce the video himself.  However, Capodanno
 made the strategic decision not to put it in evidence.  At the hearing before
 the circuit court, the following exchange occurred between the circuit judge
 and Capodanno's attorney:

[The
 Court:]  So my question to you is this, . . . : Notwithstanding the fact that
 the magistrate judge suppressed the videotape evidence, did you still have the
 opportunity to introduce that as evidence in the case?
Because
 let me tell you what I am dealing with here: Is it a due process issue, that
 your defendant was not afforded the ability to appropriately confront his
 accusers, or was it a trial tactic?  That is, did you decide "I don't want
 that tape in," or was it something that was just handed to you and you had
 to deal with it?
[Defense
 Counsel]: Well, clearly, Your Honor, I think I'd be disingenuous if I said that
 we didn't have the ability to put that tape in.  I mean, I  clearly the judge
 had ruled that the tape was suppressed, that they couldn't use it, but I think,
 clearly, I could have  if I chose to go put that tape in, I could have done
 that, and just exposed myself to whatever issues might have come from that.  
But,
 you know  so I guess "yes" would be the answer to your question, I
 elected not to put it in, when perhaps I could have put it in.

Therefore, Capodanno was
 not prejudiced by the component of the magistrate's ruling preventing the State
 from introducing the video.  Capodanno was prejudiced only to the extent the
 magistrate refused to dismiss the entire case as a discovery sanction.
Nevertheless,
 the circuit court judge found the magistrate erred by excluding the breath test
 site video while allowing the admission of the results.  The circuit court
 determined "[t]he appropriate remedy was either suppression of the [breath
 test] results along with the tape or no suppression at all." 
 Additionally, the court found "it was error not to allow the defendant to
 comment on the lack of a video tape at roadside or in the [breath test] room." 
 The court granted a new trial and remanded the case to magistrate court.
The
 State now appeals arguing (1) the circuit court applied an incorrect standard
 of review, (2) it was within the magistrate's discretion to exclude the breath
 test site video and admit the results, and (3) Capodanno did not preserve the
 issue of his inability to comment on the lack of an incident site video, and
 even if it is preserved, he has not shown a prejudicial or harmful error
 resulting therefrom.  Because we find the circuit court judge erred in
 reversing a ruling in favor of the defendant, we do not reach issues (1) and
 (2).  As to issue (3), we agree with the State.
II.  Exclusion of the Breath Test Site Video and Admittance of the Results
A party
 may appeal a ruling or judgment only if he is aggrieved by it.  S.C. Code Ann.
 § 18-1-30 (1985).  "A person is 'aggrieved by the judgment or decree when
 it operates on his rights of property or bears directly upon his interest, the
 word aggrieved referring to a substantial grievance, . . . or the imposition on
 a party of a burden or obligation.'"  Burns v. Gardner, 328 S.C.
 608, 617, 493 S.E.2d 356, 361 (Ct. App. 1997) (quoting Bivens v. Knight,
 254 S.C. 10, 13, 173 S.E.2d 150, 152 (1970)).  Here, the magistrate's ruling
 prohibiting the State from introducing the breath test site video was a ruling
 in Capodanno's favor.  Therefore, Capodanno was not aggrieved by the ruling.[3] 
 Accordingly, Capodanno could not appeal it, and it was error for the circuit
 court to reverse.  See Cisson v. McWhorter, 255 S.C. 174, 177-78,
 177 S.E.2d 603, 605 (1970) ("Our statutory provision limiting appellate
 review to those who have been aggrieved by the judgment below is, in our
 opinion, a wise and well reasoned requirement, as our court is concerned with
 correcting errors that have practically wronged the appealing party."); Brode
 v. Brode, 278 S.C. 457, 458, 298 S.E.2d 443, 444 (1982) (dismissing appeal
 pursuant to section 18-1-30 because appellate review is limited "to
 parties aggrieved by judgments or decrees.").

III.  Prohibition on Testimony Concerning the Lack of an Incident and
 Breath Test Site Videos
The
 circuit court ruled the magistrate erred by not allowing Capodanno to comment
 on the lack of an incident site video.  We disagree that the magistrate made
 this ruling.  Rather, the magistrate did allow Capadanno to comment on the lack
 of an incident site video.  In the transcript of the appeal hearing in circuit
 court, Capodanno said the magistrate "did not allow [him] to argue that,
 you know, basically, 'Where is the video from the car?'"  However, upon
 further questioning by the circuit judge, Capodanno's attorney said: "I
 don't remember what I did say.  . . . I don't think I could, in good faith,
 represent to the Court exactly what I was limited from arguing or wasn't
 limited to arguing, except to the extent I do recall not being able to argue
 everything I wanted to argue."  The magistrate's return stated: "The
 Court did allow an argument to be made regarding the lack of videotaping
 equipment in the patrol car."  In the supplemental return the magistrate
 wrote: "I did allow Mr. Kinard to cross-exam[ine] Trooper Mars on the
 matter [the video equipment and its repair] and argue this in his
 closing."
The
 circuit court's order first concludes as a matter of law that "the
 Defendant was limited and/or prevented from cross-examining the Trooper or
 making arguments in his closing remarks relating to the Trooper's failure to
 produce the [breath test] room video tape."  (emphasis added). 
 However, the order then finds "it was error not to allow the defendant to
 comment on the lack of a video tape at roadside or in the [breath test]
 room."  (emphasis added).
Because
 the magistrate did not prohibit cross-examination or closing argument comment
 on the absence of the incident site video, it was error to reverse Capodanno's
 conviction on this basis.
Finally,
 as to the magistrate's decision that Capodanno could not comment on the lack of
 a breath test site video, we affirm.  The circuit court reversed that decision
 because it concluded section 56-5-2953(B) "specifically contemplates that
 the defendant would have the ability to comment on the lack of video tape
 evidence."  The magistrate's decision to exclude the breath test video and
 prohibit comment on its absence was based on a discovery violation, not on
 section 56-5-2953(B).  Therefore, the circuit court erred in reversing that
 decision.

IV.  Conclusion
Because
 the circuit court erred in reversing a ruling in favor of the appealing party,
 concluding that the magistrate did not allow Capodanno to comment on the lack
 of an incident site video, and reversing the prohibition on comment concerning
 the absence of a breath test site video, we reverse and reinstate the
 conviction.
REVERSED.
FEW, CJ., PIEPER and LOCKEMY, JJ., concur.

[1] Because Capodanno's arrest occurred in March 2006, the 2006 version of section
 56-5-2953 is applicable to this case.
[2] Section 56-5-2953(B) states in part: 

Failure
 by the arresting officer to produce the videotapes required by this section is
 not alone a ground for dismissal . . . if the arresting officer submits a sworn
 affidavit certifying that the videotape equipment at the time of the arrest . .
 . was in an inoperable condition, stating reasonable efforts have been made to
 maintain the equipment in an operable condition . . . .

[3] This is supported by the fact that Capodanno did not appeal the ruling in his
 Notice of Appeal.  Rather, the circuit court judge raised the issue.